## Hoerter v. Garrity, et al.

(Decided October 14, 1913).

## Appeal from Jefferson Circuit Court
(Common Pleas Branch, Third Division).

1.  Limitation—Section 2514 of the Statute—Action on Foreign Judgment.—An action on a foreign judgment is barred by Section 2514 of the statute after the expiration of fifteen years from the rendition of the judgment or the date of the last execution issued thereon.

2.  Limitation—Section 2541 of the Statute—Action on a Foreign Judgment.—Section 2541 furnishes an exception to the rule of limitation fixed in section 2514, and under section 2541 if an action upon a judgment or decree could not be maintained in the state in which it was rendered after the expiration of five years from its rendition, neither could an action be maintained upon it in this state after the expiration of five years.

3.  Limitation—Section 2542 of the Statute—Construction of.—This section also contains an exception to the rule of limitation fixed in 2514 as to causes of action that arose in another state or country between residents of such state or country. And if a cause of action arising in another state or country between residents of such state or country is not barred by the laws of the state or country where it accrues, an action may be maintained thereon in this state, although more than fifteen years may have elapsed from the date of the accrual of the cause of action.

EDWARDS, OGDEN & PEAK for appellant.

D. MOXLEY, BECKHAM OVERSTREET for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In August, 1912, the appellant brought this suit in the Jefferson Circuit Court against the appellees on a

judgment rendered in his favor against them in the State of Indiana in March, 1894. A demurrer to the petition was filed in October, 1912, and sustained. A few days thereafter an amended petition was filed in which it was set up in substance that on October 12, 1912, the court in Indiana, in which the original judgment was rendered, renewed and extended it in a proceeding instituted under and in accordance with the Indiana law, and it was averred that by reason of the rendition of the renewal judgment the life of the original judgment was extended, and it continued to be and was then in full force and effect.

To this amended petition an answer was filed containing the averment "that the judgment sued on herein was rendered more than fifteen years before the filing of the petition herein, and that the last execution issued thereon was issued and returned more than fifteen years before the filing of the petition herein, and that the said judgment and the action of the plaintiff was and is barred by the statute of limitation in such cases made and provided." It was further averred that the renewal of the judgment by the proceedings had in the Indiana Court in October, 1912, was made after the statute of limitation in force in this State had barred the judgment and more than fifteen years after the last execution issued on the judgment and so was of no effect in this State.

On the pleadings a judgment was entered dismissing the petition, and the plaintiff appeals.

The petition was dismissed upon the ground that the action was begun more than fifteen years after the rendition of the original judgment sued on and more than fifteen years after the last execution had issued thereon. It was further ruled by the lower court that the renewal judgment obtained in 1912 under the provisions of the Indiana Statute did not have the effect of extending the life of the judgment in this State or of defeating the plea of the fifteen year statute.

It is not shown by the record within what time an Indiana judgment is barred by the Indiana Statute of Limitation, nor does the record set up the Indiana Statute under which the renewal or extended judgment was authorized to be rendered. We may, however, assume, as it seems to be admitted in the briefs, that there was a statute in Indiana authorizing this renewal or extended judgment, and that by virtue thereof the life of the judgment was extended, and so far as the

Indiana law was concerned it was in full force and effect when the amended petition setting it up was filed.

There being no issue of fact, the law of the case must be determined by the statutes of limitation in force in this State. Louisville & Nashville R. R. Co. v. Burkhart, 154 Ky., 92.

Section 2514 of the Kentucky Statutes provides in part that "An action upon a judgment or decree of any court of this State, or of the United States, or of any State of Territory thereof, the period to be computed from the date of the last execution thereon, *  *  * shall be commenced within fifteen years after the cause of action first accrued."

It will be observed that this section applies to all judgments, both domestic and foreign, and an action in this State on a judgment whether it be obtained in this State or in some other State or country is controlled by this section subject to exceptions contained in sections 2541 and 2542, which will be later referred to. Therefore, if the case is to be determined by this section, it is apparent that the action was barred, as it was not commenced until more than fifteen years after the rendition of the judgment and the date of the issual of the last execution thereon. But we are referred by counsel to section 2541, reading as follows:

"When, by the laws of any other State or country, an action upon a judgment or decree rendered in such State or country cannot be maintained there by reason of the lapse of time, and such judgment or decree is incapable of being otherwise enforced there, an action upon the same can not be maintained in this State, except in favor of a resident thereof, who has had the cause of action from the time it accrued." And to section 2542, reading:

"When a cause of action has arisen in another State or country between residents of such State or country or between them and residents of another State or country, and by the laws of the State or country where the cause of the action accrued an action can not be maintained thereon by reason of the lapse of time, no action can be maintained thereon in this State."

Section 2541 furnishes an exception to the rule of limitation fixed in section 2514. For example, if an action upon a judgment or decree could not be maintained in the State in which it was rendered after the expiration of five years from its rendition, neither could

an action be maintained upon it in this State after the expiration of five years, subject, however, to the exception pointed out in the section in favor of a resident of this State. McArthur v. Goddin, 12 Bush, 274. But section 2541 has no application to this case as the appellees rely on the Kentucky and not the Indiana Statute to defeat a recovery.

Nor has section 2542 any application, as it only refers to a cause of action that has arisen in another State between residents of such State or country or between them and residents of another State or country. Under this section if an action that arose between residents of another State or country could not be maintained by the laws of the State or country where it accrued, neither could an action be maintained thereon in this State. If, however, a cause of action arising in another State or country between residents of such State or country is not barred by the laws of the State or country where it accrued, an action may be maintained thereon in this State. To illustrate, if a cause of action accrued in another State between non-residents of this State, and it was not barred by the law of the State where it accrued, an action might be brought on it in this State, although more than fifteen years might have elapsed from the date of the accrual of the cause of action or the date of the judgment or the issue of the last execution thereon. It was so held in Shillito v. Richardson, 102 Ky., 51.

In that case Shillito & Co. brought a suit against Richardson on a debt created in 1878. Both Shillito and Richardson were non-residents of the State at the time the cause of action accrued. The cause of action accrued in the State of Ohio, and was not barred by the laws of that State, although it was barred by the laws of this State, and the court adjudged that the Kentucky Statute of limitation was not applicable, the case being controlled by section 2542.

As the record in this case does not show that the parties to this action were non-residents of the State when the Indiana judgment was obtained, section 2542 has no application. It appears from the record that when this suit was brought the appellant was a resident of Jefferson County, Kentucky, and the appellees were then residents of the State of Indiana, but this is the only reference in the record to the place where they resided.

The judgment is affirmed.