## Oliver et al. v. Crewdson's Administrator et al.

(Decided June 19, 1934.)

(As Modified on Denial of Rehearing Dec. 21, 1934.)

I. G. MASON, EDWARD C. O'REAR and ALLEN PREWITT for appellants.

COLEMAN TAYLOR and OSCAR M. SMITH for appellees.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming in part and reversing in part.

S. R. Crewdson, a distinguished lawyer, resident of Logan county, Ky., died testate in 1926, leaving surviving him a widow and two daughters. His widow died intestate in 1930, also a resident of Logan county, Ky.

By his will Crewdson devised his entire estate to his widow, absolutely. W. O. Bilyeu was appointed and qualified by the county court as administrator of her estate. Her daughter Mary C. Crewdson intermarried with D. H. Oliver and her other daughter with Jarrett Renshaw, and survive their mother.

This action was instituted by the administrator of the estate of Mrs. Crewdson against her daughters and sons-in-law to settle her estate, also he sought advice as to the advancement made by the mother to her daughters and the arbitration of a claim arising out of the services of S. R. Crewdson and Coleman Taylor as attorneys in Dia B. Long v. New York Life Ins. Co.

Mary Crewdson Oliver and her husband filed a separate answer in which they charged that Cecil Crewdson Renshaw was indebted to the estate of her mother $200 evidenced by a note; that she was indebted to her mother's estate in the sum of $2,500 with accrued interest evidenced by a note; that the note had not been reported as a part of the estate of her mother although it had never been paid by her sister; that her sister had been advanced $100 by her mother by the payment of this amount to Dr. Shaw. The administrator asserted the claim against Mary Crewdson Oliver for $925 evidenced by a note. She charged that whatever cause of action accrued on it, accrued more than 7 years "ago," and that it was executed and delivered in the state of Tennessee and the statute of limitation of that state was 6 years, and that it was barred by the statute of limitation of Tennessee (Code Tenn. 1932, sec. 8600), which she relied on as a bar to recover on it. Cecil Crewdson Renshaw and Jarrett Renshaw in their answer joined issue as the $925 note and further charged that Mrs. Oliver had executed a note to the Commercial Bank & Trust Company of Paris, Tenn., for $1,000, which S. R.

Crewdson, her father, had signed as surety; also "a similar note bearing the date of March 8, 1926, was executed by Mrs. Oliver and for her benefit on which her father, S. R. Crewdson, was surety"; that prior to his death he had paid one of them and thereafter her mother had paid the other $1,000 note and accrued interest; and that this latter sum was an advancement to Mary Oliver. They also charged that Mrs. Crewdson had advanced to Mrs. Oliver $3,650 with which to purchase at Paris, Tenn., a home for Mrs. Oliver; that this money was derived by sale of a house and lot in Russellville sold to Chas. Wilkins and that S. R. Crewdson had advanced to Mrs. Oliver in April, 1922, $1,026.73; $825 in June, 1922; also another $1,000, $500, another $500, and a sum of $100, "all of which totals the sum of $7,701.73 and that same should be charged against her interest in the estate of her mother, all of which estate originally came from S. R. Crewdson; that sums were advanced to each of the defendants under an arrangement by which their father and mother undertook to equalize and divide their estate between their two daughters equally"; and that Mrs. Oliver had consumed "an amount far in excess of her one-half interest and that she ought to be required to account for the same and that she is now indebted to the estate in a sum unknown." They also charge that Mrs. Oliver had a diamond ring belonging to their mother of the value of $1,000 and that they were entitled to charge her therewith; that she had possession of "a fine piano belonging to her mother's estate and many other articles of value that she had seized and carried away" and she should be charged therewith.

They denied that Mrs. Renshaw should be charged as an advancement with the $200 note and interest. They set up a claim against the estate of Mrs. Crewdson for board for which they charge $900. They admit that Mrs. Renshaw had been advanced by her father and mother two notes of $2,500 each and the further sum of $338.55.

By a reply Mrs. Oliver and D. H. Oliver joined issue on the matters set forth in the answer and counterclaim of Mrs. Renshaw and her husband. They admit the execution and delivery of the $1,000 note to the Commercial Bank & Trust Company of Paris, Tenn., as it is charged in the pleading of the Renshaws, and that Mrs. Crewdson advanced to Mrs. Oliver the amount of this note and interest by paying it for Mrs. Oliver after

the death of Mr. Crewdson. Another $1,000 note payable to the Commercial Bank & Trust Company was paid by Mr. Crewdson during his lifetime. They explain in their reply the purchase of the home for Mrs. Oliver by Mr. Crewdson and its sale to Chas. Wilkins for $3,650 and the turning over this sum to Mrs. Oliver and her reinvestment of it in the partial payment of a home in Paris, Tenn. In their reply they charge that certain advancements which they list were made by Mrs. Crewdson to Mrs. Renshaw totaling $2,400.50. They deny the advancements of the items comprising the $7,701.73 which the Renshaws sought in their answer to have charged as an advancement.

The cause was referred to the master commissioner to audit, state, and settle the accounts of the administrator. One item reported therein was $250 allowed Coleman Taylor as attorney of the administrator for services rendered the estate. To this item an exception was filed. A contest was collaterally presented over S. R. Crewdson's portion of the fee of himself and Taylor for their services in Dia B. Long v. New York Life Ins. Co.

Without reproducing the evidence, a careful consideration of it convinces us that the adjustment by the court of the advancements to the daughters by their mother was authorized and is sustained by the evidence, except as we shall point out. In his judgment, the chancellor offsets the advancements made to the one by the mother against those made to the other by her. The trial court seemingly fell into an error, in that, he took into consideration the advancements by the father to the daughters and those of the mother to them and equalized them on both. Since the estate of the father is not involved and only that of the mother, the advancements made by the latter to her daughters should be considered in adjusting the rights to the estate of their mother. Mrs. Renshaw in her deposition admitted her mother had advanced her $2,500. Mrs. Oliver admitted in her deposition her mother had advanced to her $1,200. It further appears that Mrs. Renshaw should be charged with $2,500 as an advancement. But since she was not charged by the judgment of the circuit court with the $1,200 advancement and no appeal was prosecuted therefrom, we are forbidden, in the absence of a cross-appeal, to charge her with this $1,200. The accepted rule is, where a defendant appeals from a judg-

ment and the plaintiff does not take an original nor a cross appeal therefrom, the judgment concludes both parties as to those items that may be considered only upon an original or cross appeal by the losing party, which may be taken at any time before trial by an entry on the records of this court, and must be heard with the original appeal. See section 755, Civil Code of Practice. The trial court charged Mrs. Renshaw with a note of $200 with interest from June 6, 1928, and Mrs. Oliver testifies their mother advanced to Mrs. Renshaw $200 on August 18, 1931. Mrs. Renshaw does not deny this advancement was made. She should be charged with this additional $200. The trial court charged Mrs. Oliver with a note of $925 and interest from July 7, 1923. Conceding the note was executed and delivered in Tennessee and was payable in that state, the statute of limitation of this state controls the liability of the makers of this note. The statute of limitation affects the remedy only and the right to recover on a note is not governed by the statute of limitation of the state in which the note was executed. Hoerter v. Garrity, 155 Ky. 260, 159 S. W. 815; Fechheimer v. Goldnamer, 169 Ky. 243, 183 S. W. 541. Even though this note be not regarded as a debt due the estate of the mother, it is admitted that Mrs. Oliver owed the note and it was not collected by the mother but was in existence at her death, and if it be not considered as a debt it is very clear that she should be charged therewith as an advancement. The mother knew this note was owing by Mrs. Oliver, and the fact she did not acquire the possession of the note during her life, and Mrs. Oliver did not pay it, is sufficient to justify the conclusions that it is a debt and not an advancement. Therefore she is chargeable with interest as per the terms of the note. The judgment charged Mrs. Oliver with an advancement of a piano in the sum of $25 and a diamond ring in the sum of $400 and directed she account for these articles at those prices, in the division of the estate. It is shown that the piano was moved to the home of Mrs. Oliver and left by her mother without any intention that its value be accounted for by Mrs. Oliver as an advancement. Indeed, Mrs. Oliver tendered the piano to the estate and disclaimed all interest, title, or right thereto. In the circumstances it was improper to require her to accept the piano as an advancement at any price. The administrator should be directed to take possession of it and dispose of it as any personal property of a de-

cedent is required to be disposed of by a personal representative. Respecting the diamond ring, there was an issue as to the value of it and depositions were taken and filed in behalf of Mrs. Renshaw tending to show its value at $400. These depositions were taken on notice given within a few hours before they were taken and while counsel of Mrs. Oliver were otherwise engaged and without an opportunity to attend the taking and cross-examine the witnesses. Objections to it were filed on this ground. It is our view that the notice was not reasonable and the court should have sustained the objections, or, if he declined to suppress the depositions, then counsel for Mrs. Oliver should have been given an opportunity to cross-examine the witnesses, and time and opportunity in which to take rebuttal testimony. As to the fee of $250 allowed to the attorney of the administrator for his services incident to the settlement of the estate of Mrs. Crewdson, an examination of the record showing the character of the services required and rendered, we cannot say that the fee of $250 was excessive or unreasonable. The objections to the compromise by the administrator with Coleman Taylor of their fee in Dia B. Long v. New York Life Ins. Co. were properly overruled, there being no showing that the settlement was not in good faith or unreasonable. It was approved by the administrator and the judgment of the trial court, and, if the evidence as to it was doubtful, it would be our duty to give weight to the judgment of the chancellor and concur therein. An examination of the evidence for ourselves convinces us that the settlement of the administrator and Taylor was fully sustained by the evidence. Sutherland Bros. v. Stanley, 250 Ky. 417, 63 S. W. (2d) 487. In his settlement the administrator allowed himself a commission of $200. Section 3883, Kentucky Statutes, provides that the compensation of an administrator shall not exceed 5 per cent. on the amounts received and distributed. The $200 allowed him is in excess of the statutory compensation. Being entitled to receive not exceeding 5 per cent. and the $200 exceeding the statutory compensation, the court will reduce his compensation to within the provisions of the statute.

Perceiving no other errors, the judgment is reversed as to the item of $25 for the piano, $400 for the diamond ring, and as to the administrator's commission, with directions to charge Mrs. Oliver and Mrs.

Renshaw, respectively, with the amounts we have indicated, and for proceedings consistent with this opinion.