# Hurry Up Broadway Co. v. Shannon, Auditor of Public Accounts.

(Decided Feb. 19, 1937.)

JOHN M. BULL, Jr., for appellant.

B. M. VINCENT, Attorney General, and J. W. JONES, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—Affirming.

The Hurry Up Broadway Company, a corporation, brought this suit in the Franklin circuit court under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a—1 et seq.), on behalf of itself and others similarly situated, to obtain a judicial determination of its rights to recover from the Commonwealth of Kentucky money paid as taxes under the Gross Sales Act of the General Assembly of Kentucky enacted at its 1930 session (Acts 1930, c. 149), which act was finally declared unconstitutional by the Supreme Court of the United States (Kroger Grocery & Baking Co. v. Lewis, 294 U. S. 550, 55 S. Ct. 525, 79 L. Ed. 1054).

The General Assembly of Kentucky, at its 1936 Regular Session, passed a resolution designated as Senate Resolution No. 90, chapter 430, of the Acts of the 1936 Regular Session, providing for and authorizing the recovery, upon certain conditions and limitations, by taxpayers of money paid as taxes under the said Gross Sales Act of 1930.

Plaintiff alleged in his petition that under the terms of the Gross Sales Act of 1930, it was required to and did pay the Commonwealth of Kentucky cer-

tain sums as taxes for the years 1931 to 1934, both inclusive, totaling $254.57, and that it filed with Ernest E. Shannon, Auditor of Public Accounts of the Commonwealth of Kentucky, a sworn statement and other proper proof of its claim, as provided in section 1 of the Resolution (chapter 430, Acts of 1936 Regular Session of the General Assembly) and that the auditor refused to pay same.

It may be conceded that appellant properly presented its claim to the auditor as provided in section 1 of the resolution supra, in respect to proof thereof, but section 4 of the resolution (chapter 430, page 591 of the Acts of 1936, supra), among other things, provides:

"* * * it is deemed by the General Assembly that the two year limitation imposed by Section ten (10) of said Chapter one hundred forty nine (149) of the Acts of the General Assembly of one thousand nine hundred thirty (1930) and the limitations imposed by Section one hundred sixty three (163), Kentucky Statutes, Carroll's one thousand nine hundred thirty (1930) Edition, should be and the same hereby are waived and the limitations thereby imposed shall not be pleaded as a defense and shall not be a defense to any claim or suit for a refund of the aforesaid taxes. Provided, however, the waiver of the defenses of limitations herein provided shall only apply to suits filed within sixty days from the effective date of this resolution."

The resolution became effective February 25, 1936, and appellant filed its claim and proof thereof with the auditor June 27, 1936, which was more than 60 days after the effective date of the resolution.

The circuit court held and adjudged that, not having filed its claim within the time required by the resolution, appellant was without right to recover its claim or any part thereof and that other retail merchants similarly situated to the plaintiff were also without right to recover their claims, and that the auditor is under no duty and is without right to pay such claims. For a final determination of its rights and the rights of others similarly situated, appellant has prayed an appeal.

304

It is argued for appellant that there being no dispute as to the evidence or correctness of appellant's claim, the sixty days' limitation imposed by section 4 of the resolution is not here applicable, and that such limitation is applicable only to cases in dispute with respect to the sufficiency of proof.

We do not so construe the resolution. It is stated in concise and plain language that the waiver of the defenses of limitations shall *only apply to suits filed within 60 days from the effective date of the resolution.*

It is a cardinal rule of construction of statutes that where the language of the statute is free from ambiguity, the exact language of the statutes will be followed. To apply the construction contended for by appellant would be in effect to amend the resolution by injecting therein a provision not appearing either expressly or by necessary implication to give effect to that particular section or other parts of the resolution.

In the absence of the resolution granting the right to taxpayers for a refund of such taxes as are here in question, they would be without any right whatever to collect such taxes from the Commonwealth, and, such right being a purely statutory one, they will be required to strictly follow the statutes. Commonwealth v. Glover, 132 Ky. 588, 116 S. W. 769.

The appellant not having complied with the proviso contained in section 4 of the resolution in respect to limitations, it and other merchants or claimants similarly situated to it were and are without any right to maintain any action against the Commonwealth for a collection or refund of such taxes, and the circuit court did not err in so holding.

The appeal is granted, and the judgment affirmed.