## Unemployment Compensation Commission of Kentucky v. Consolidation Coal Co.

June 20, 1941.

Jesse K. Lewis, Assistant Attorney General, Robert B. Hensley and Paul W. Buckholz for appellant.

E. C. O'Rear and Allen Prewitt for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This is an appeal from a judgment of the Franklin

circuit court rendered in an action brought as an agreed case under Sections 637-639, Civil Code of Practice, by the Consolidation Coal Company (hereinafter referred to as the company) against the Unemployment Compensation Commission of Kentucky and its members (hereinafter referred to as the commission) to determine a question of law, to-wit: Whether a refund may be given by the commission to the plaintiff on amounts already barred by a statute of limitations in a previous law, which in its amendment does not specifically provide for the refund of amounts already barred; or, as the question is stated by the appellee company, "Is an employer entitled to a refund of erroneously collected unemployment compensation taxes, or 'contributions,' made over a period of two years or only over one year back, upon his application made on April 25, 1940?"

In January, 1941, the company by counsel filed its petition against the commission as an agreed case, wherein the said named parties stated to the court the following facts for a determination of their respective legal rights and duties thereunder:

At all times mentioned in the petition, and especially since January 1, 1938, the company has been and is now a corporation organized under the laws of the state of Delaware, empowered to engage in the coal mining business, is engaged in that business in Kentucky and has numerous employees in Kentucky and is an "employing unit" within the meaning of Chapter 193, Kentucky Acts of 1940, known as the Kentucky Unemployment Compensation Law, and under such previous acts.

On April 25, 1940, the company filed with the commission its application for a refund of taxes which it had erroneously paid within two years of the date of application.

Further the petition stated that under the refund provisions which appeared in the Unemployment Compensation Law until April 1, 1940 (found in Chapter 50, Kentucky Acts of 1938 and codified in Carroll's Kentucky Statutes, 1938 Supplement, as Section 4748g-8(d), refunds were limited to amounts erroneously paid the commission within one year of the date of application and that in the amendment to that law (Chapter 193, Kentucky Acts of 1940 and codified in Carroll's Kentucky Statutes Supplement 1941 as Section 4748g-8(d),

effective April 1, 1940, the period of refund extends to two years previous to application.

Further it was stated as an agreed fact that the commission rejected so much of the plaintiff's refund claim as applied to amounts paid prior to April 1, 1939, giving as its reason for such rejection that the amendment could not operate to revive a refund right which had been barred when the one-year limitation under the former statute had become complete.

Next the petition alleged that an actual controversy of law exists between the parties as to whether the two-year limitation, appearing in the amended law, can be given immediate effect after April 1, 1940, so as to allow a refund covering the entire two-year period preceding April 1, 1940, or whether its full operation is postponed until April 1, 1941, when the entire two-year refund can be allowed without extending back of the one-year limitation of April 1, 1939, fixed in the former statute.

The circuit court, upon submission by the parties of the agreed case, adjudged that "the two-year limitation or condition, provided by Kentucky Acts 1940, Chapter 193, page 751 (1941 Supplement Kentucky Statutes, Section 4748g-8(d)), rather than the one-year limitation or condition provided by Kentucky Acts 1938, Chapter 50, page 298, Section 8(d) (1938 Supplement Kentucky Statutes, Section 4748g-8(d)), applies to applications made after April 1, 1940, for refunds of any erroneous contributions thereunder (or, as the Commission may prefer, adjustment in connection with subsequent contributions) and in particular to plaintiff's application filed with defendant commission on April 25, 1940, and notwithstanding that such erroneous contributions may have been paid by the employer more than one year prior to the date of application."

The commission, complaining of this ruling and interpretation of Section 4748g-8(d) of the 1940 amendatory act, has appealed, contending that same was erroneous for the reason that the statute in question was one of limitation and was by the court given a retrospective rather than a prospective effect; that the appellee company, in making its application on April 25, 1940, to the commission for a refund of taxes which it had erroneously paid, sought such refund for all amounts which it had paid within two years prior to the date of applica-

tion, notwithstanding the refund provision which appeared in the Unemployment Compensation Law until April 1, 1940, Carroll's Kentucky Statutes, 1938 Supplement, Section 4748g-8(d), limited refunds to amounts paid within one year of the date of application.

This section of the act so providing reads as follows:

"If, *not later than one year after the date* on which any contributions or penalties thereon become due, or are paid, an employing unit which has paid such contributions or penalties thereon shall make application for an adjustment thereof in connection with subsequent contribution payments or for a refund thereof because such adjustment cannot be made, and the Commission shall determine that such contributions or penalties or any portion thereof was erroneously collected, the Commission shall allow such employing unit to make an adjustment thereof, without interest, in connection with subsequent contribution payments by it; or if such adjustment cannot be made, the Commission shall refund said amount, without interest, from the fund. For like cause and within the same period, adjustment or refund may be so made on the Commission's own initiative." (Italics ours.)

That section, so limiting refunds to amounts paid within one year, was amended by the like numbered section of the 1940 Act, effective April 1, 1940, so as to change the period in which the refund could be obtained from one year to two years.

These named sections of the 1938 and the 1940 Acts are altogether similar in their provisions, except in respect to the first clause of the section, which part alone by the 1940 amendment is changed so as to read:

"If not later than *two* years after the date on which any contributions of penalties were paid, an employing unit which has paid such contributions or penalties thereon shall make application for an adjustment thereof in connection with subsequent contribution payment." (Italics ours.)

The appellee company, in filing its claim with the commission for a refund of erroneously paid contributions on April 25, 1940, contended that the two-year limi-

tation period provided by the amendatory act, effective April 1, 1940, had *immediate effect,* with the resulting right given it to a refund of all amounts paid within two years of the date of the application for refund, even though its effect would be to *restore rights* which had already been lost under the *one-year provision.*

The position taken by the commission, in so ruling, was that while not ignoring the effectiveness of the two-year 1940 law, it yet rejected so much of the plaintiff's claim as applied to amounts paid prior to April 1, 1939, upon the theory that the two-year limitation provision of the 1940 law could not operate so as to revive rights which were lost under the one-year provision of the 1938 law, since the amending 1940 law (effective April 1, 1940) *did not expressly* provide for such revival, with the result that on April 1, 1941, the new two-year provision could not be given retrospective operation so as to revive rights on amounts paid prior to April 1, 1939, since to do so would be to interpret a statute retrospectively by *implication;* further, that such interpretation given by it of the act was proper, for the reason that after April 1, 1940, the previous one-year limitation is extended *progressively* until finally on April 1, 1942, the two-year limitation will be completely effective; that, conceding arguendo, that the Legislature had the power to revive rights lost during the one-year period in question, as contended by appellee, it, by the language employed in the 1940 amendment, demonstrated that it did not choose to exercise that power, when it failed to specifically provide that those rights lost under the one-year limitation should be revived; that by its failure to so specifically provide, it was conclusively shown that it was its intention that the one-year limitation should give way to the two-year limitation, but in a manner as construed by the commission so as not to retrospectively revive lost rights; that this end is accomplished by maintaining April 1, 1939, as the date beyond which refunds cannot be extended, but allowing the new two-year provision to take effect so as to progressively perfect the fully effective refund period to two years on April 1, 1942.

Under this construction given by the commission of the amendatory act, effective April 1, 1940, refunds could be made on an application therefor on all payments or contributions erroneously made by the employer under

the 1938 law to as far back as April 1, 1939, the only point of divergence in the construction given the act by the appellee company and the commission being that the commission will not go beyond April 1, 1939, whereas appellee would have them reach farther back and renew rights previously destroyed by the one-year limitation period of the 1938 act.

The appellee, in response to these contentions advanced by the commission, states that since the effective date of the amendatory act (April 1, 1940), the commission has been collecting taxes or "contributions" under the above Unemployment Compensation Act of 1938 and also the amendatory act of 1940, and that it is admitted it has collected more than the correct amount of taxes or "contributions," properly based on the wages paid its employees, in that the base of the taxes in question erroneously included "occupational deductions," which the employees never actually received as wages, and also that the employees are beneficiaries of the refund or credit, as the employer pays part of the taxes as their agent.

There is no dispute between the parties as to the fact or extent of these erroneous collections, the only question here being how far back is the employer entitled to go for a refund or credit on future taxes.

Appellee further argues that prior to April 1, 1940, the Unemployment Compensation Act of 1938 provided, as stated supra, that the "employing unit" should have such refund or credit for erroneous contributions or taxes "if, not later than one year after the date on which any contributions or penalties thereon become due, or are paid," the employing unit "shall make application" to the commission for a refund or for adjustment in connection with future taxes and that such one-year period or limitation was made two years by Chapter 193, Kentucky Acts 1940, effective April 1, 1940, which amended the 1938 act only in the one respect of extending its limitation period in which refunds for erroneously paid contributions could be applied for to two years.

The commission based its ruling, denying the refund of erroneously paid contributions within the two-year period prior to the company's application made April 25, 1940, and confining the refund to those so

paid it within the one-year period prior thereto, upon the rule that the words of a statute ought not to be given a retrospective operation, unless they are so clear, strong and imperative to such effect that no other meaning can be given them or unless the legislative intent cannot otherwise be satisfied.

Appellee answers that the 1940 act fulfills those requirements, saying:

"Of course, the refund is a prospective and not a retrospective thing. As to the taxes or contributions paid, the Act is expressly retrospective. By Section 3(e) 1941 Supplement Kentucky Statutes, Section 4748g-3, Subsection (e), the word 'contributions' as used in the Act, *unless the context clearly requires otherwise,* is defined as follows:

" ' "Contributions" means the money payments, exclusive of interest and penalties, to the Unemployment Insurance Fund required by this Act and by any previous Unemployment Compensation Act of this State.'

"Reading this definition in the refund provision (of the statute) its literal rendition is this: 'If not later than two years after the date on which any "money payments * * * to the Unemployment Insurance Fund required by this Act and *by any previous Unemployment Compensation Act* of this state" or penalties were paid, an employing unit which has paid such contributions (payments) or penalties shall make application * * * and the Commission shall determine that such contributions (payments) or penalties or any portion thereof were erroneously collected, adjustment or refund shall be made. (Italics ours.)

"Substitute this definition for the word 'contributions' in any reasonable manner in the refund section quoted in our statement, and the clearly logical result is that by the 1940 Act, the Legislature gave a right of refund for erroneous money payments made under the Act or any previous Act, if application be made in two years."

Further appellee argues that the "context" does not "clearly otherwise require;" and that since the one-year refund provision of the 1938 act stood re-

pealed after April 1, 1940, it would be illogical to presume that the Legislature intended that no further refunds of payments made under the 1938 act would be made; that such would be the result if the 1940 act were given a purely prospective effect, as it would then follow that only contributions made under it could be refunded and the erroneous contributions made during the year just prior to April 1, 1940, would be without provision for their refund; that to avoid such an illogical effect, the 1940 refund provision must be invoked and that when invoked, it necessarily gives two years and that the one-year condition of the 1938 act was gone.

The commission's second ground upon which it based its ruling and which it advanced in the circuit court was that the Legislature may not constitutionally remove a bar of limitations which has become complete.

Appellee responds that conceding that as a general rule it is true a Legislature may not so impair private or vested rights, yet a man may waive his own rights or defenses; that he may waive the statute of limitations by failing to plead it or by a new promise or undertaking to pay a barred debt; that while the Legislature cannot do it for him, he may do it; that here it is the state, not a private person, which has its money and in such case the Legislature and it alone may waive the statute of limitation for the state, and that the state may impair its own rights or surely its own remedial rights; or, as this rule is stated in 16 C. J. S., Constitutional Law, Section 417:

"The state may constitutionally pass retrospective laws waiving or impairing its own rights, or those of its instrumental subdivisions; and it may impose upon itself or its subdivisions new liabilities with respect to transactions already past, despite a constitutional prohibition against the retroactive imposition upon the people of counties or municipal subdivisions of new liabilities with respect to past transactions. Thus statutes are valid which provide for the enforcement of existing moral obligations of the state or its subdivisions which were theretofore unenforceable."

Further it argues that a fortiori, the state, speaking through its Legislature, could waive the statute of limitation, where in so doing it did not in any true sense im-

pair the rights of the state, as in the instant case the state is merely making restitution of what was never due the state.

In harmony with such declared right of the state, this court has held that the Legislature may waive statutes of limitation which have completely run in favor of the state. Hurry Up Broadway Co. v. Shannon, Auditor, 267 Ky. 302, 102 S. W. (2d) 30; State Highway Commission v. Mitchell, 241 Ky. 553, 44 S. W. (2d) 533. In the latter case the court fully discussed and applied this recognized principle that while the Legislature may not impair private rights by retroactive laws, it may alter public rights or concerns retroactively.

See, also, 59 C. J. 320, where the rule is stated to be that "unless restricted by constitution, the legislature in authorizing suit may waive the right of the state to plead the statute of limitations."

Further appellee argues that the time limitation in question is not a limitation of actions but a condition precedent to the sole, statutory right of refund, created by the 1940 statute and existing since April 1, 1940.

We find our views to be fully in accord with the argument supporting this characterization of the time limitation in question, that there being no right at common law to recover erroneously collected taxes and that but for the statutory right of refund, the employer (and incidentally his employees) would be without one, it follows that the Legislature, in creating this statutory right of refund of taxes erroneously paid has by the act in question said it shall not exist unless the application therefor shall be made in two years.

It appears that the limitations to which counsel for the commission refers and most forcefully argues are limitations of actions, which are found in statutes of limitation of general application, which create no rights, extinguish no rights, but merely deny the remedy on them where the statute is pleaded. Hence, unless the bar of the remedy is pleaded, the right of action will prevail. Oliver v. Crewdson's Adm'r, 256 Ky. 797, 77 S. W. (2d) 20.

We conceive, as contended by appellee, that the time limitation in question is not of that kind. The act says you shall have the right, but only upon the condition, or

if you do thus and so, and is like that involved in Lilly v. O'Brien, 224 Ky. 474, 6 S. W. (2d) 715, 718, where we said:

"Limitations prescribed by statute to bar remedies must be pleaded, and may be waived by a party entitled to invoke them (Rowe v. Blair, 221 Ky. 685, 299 S. W. 571), but the limitation on election contests is not of that character. It cannot be waived and need not be pleaded. The right granted to contest an election exists only by virtue of the statute and its scope and effect must be determined therefrom. The statute in question makes it plain that the right and remedy and the limitation thereon are created coincidentally and are inseparably united.

"The bringing of the action within the limited time is a condition to the exercise of the right, and, if the condition is not complied with, there is neither right nor remedy. The limitation in such case relates not merely to the remedy, but to the right itself. The distinction is a familiar one. Central Vermont Railroad Co. v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433 [Ann. Cas. 1916B, 252]; A. J. Phillips Co. v. Grand Trunk Western Rwy. Co., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774.

"When the limitation is coupled with the right itself, the right lives only during the period fixed. Actions under Section 344 of the Civil Code for a new trial are of that kind, and must be brought within three years, and, if not so brought, may not be heard. Anderson's [Adm'r] v. Meredith, 9 S. W. 407, 10 Ky. Law Rep. 460. This principle is stated in 37 Corpus Juris, p. 686, Section 5, as follows:

" 'A wide distinction exists between pure statutes of limitation and special statutory limitations qualifying a given right. In the latter instance time is made an essence of the right created and the limitation is an inherent part of the statute or agreement out of which the right in question arises, so that there is no right of action whatever independent of the limitation. A lapse of the statutory period operates, therefore, to extinguish the right altogether. To such limitations the rules of law

governing pure statutes of limitation, applicable to all classes of action, have no application * * *.' "

It is therefore our conclusion, for the reasons hereinabove stated, that the judgment of the lower court, being in harmony with our view as to the meaning and proper construction, of this 1940 amendatory act, it should be, and it is, affirmed.

Whole Court sitting.

Judge Cammack dissenting.