THE STATE, EX REL. DEPT. OF MENTAL HYGIENE & CORRECTION, BUREAU OF SUPPORT, APPELLANT, *v.* EICHENBERG, GDN., ET AL., APPELLEES.

(No. 340—Decided June 2, 1965.)

*Mr. William B. Saxbe,* attorney general, and *Mr. Clarence L. Sharpe,* for appellant.

*Messrs. Foreman & McMannis,* for appellees Jack Eichenberg and June Gorfido.

HUNSICKER, J. An appeal on questions of law is brought to this court from a judgment sustaining a demurrer to a petition and the rendering of a judgment against the plaintiff, appellant herein, the Department of Mental Hygiene and Correction, Bureau of Support.

The Bureau of Support (herein called bureau) filed a petition in the Court of Common Pleas of Medina County against Emma Eichenberg, and others, to collect money claimed due for the support of one J. W. Eichenberg, an incompetent, who, the petition says, was committed to the care of the state of Ohio on June 19, 1933. In the absence of any allegation to the contrary, the natural inference is that he has been under

the care of the state of Ohio continuously since that time. The account attached to the petition asks for support for a period from December 31, 1955, to, and including, July 1, 1962. The prayer of the petition asks for a sum smaller than the amount set out in the account.

The petition was filed on October 9, 1964. On that date the statute, Section 5121.04, Revised Code, with respect to payment of support by the liable relatives, in its pertinent part, division (B) (6), said: "When a person has been a patient for fifteen years or more, his liable relatives shall be relieved of support charges." This statute became effective October 10, 1963. The text is found in 130 Ohio Laws 1185.

The Act of October 10, 1963, amended former Section 5121.04 (B) (6), Revised Code, by removing a formula provision for payment for support of patients who had been under the care of the state of Ohio for fifteen years or more. This former section, 5121.04, Revised Code, which became effective January 1, 1962, was repealed in 130 Ohio Laws, at page 1839, and the new Section 5121.04 was adopted.

By the Act of October 10, 1963, there was also an enactment of a statute designated Section 5121.051, Revised Code (130 Ohio Laws 1188), which said:

"All outstanding liability of relatives for the support of any patient in a benevolent institution under the control of the Department of Mental Hygiene and Correction accrued prior to January 1, 1956, including the liability of the patient himself, is hereby cancelled, provided that this section does not abrogate any written agreements or security arrangement for the payment of support charges entered into between the state of Ohio and any patient or liable relative prior to such date."

Thus, at the time this action was instituted, these two sections above mentioned were in full force and effect. Over the years, many changes in the so-called "support payment statutes" have been made. However, unless some other provision of law prevents it, the claim of the plaintiff herein must be determined on the application of Sections 5121.04 and 5121.-051, Revised Code.

Counsel for the bureau insist that the Constitution of Ohio, Section 28 of Article II; Sections 1.20 and 1.21, Revised Code; and Section 5121.04 (B) (6), Revised Code, as it existed effective

January 1, 1962 (129 Ohio Laws 1110, 1111), and before its amendment and the repeal of the former provision regarding support payments, effective on October 10, 1963, control its right to now ask for support from the liable relatives of J. W. Eichenberg.

Section 28 of Article II of the Constitution says, in part: "1. The General Assembly shall have no power to pass retroactive laws, or laws impairing the obligation of contracts; * * * ."

The General Assembly did not create a new duty or impose a new obligation by the enactment of the "forgiveness" provisions of Section 5121.04 (B) (6), Revised Code. There was, in such regard, no retroactive legislation, and hence, no prohibition against such laws was violated. The state of Ohio has waived a right it had to enforce collection against certain liable relatives; it imposed no new and retroactive obligation on its citizens. This law cannot be deemed to be a retroactive law for it does not injuriously affect a citizen or interfere with a citizen's vested right. See: *Kumler* v. *Silsbee,* 38 Ohio St. 445; *Unemployment Compensation Commission of Kentucky* v. *Consolidation Coal Co.,* 287 Ky. 330, 152 S. W. 2d 971; *Graham Paper Co.* v. *Gehner,* 332 Mo. 155, 157, 59 S. W. 2d 49, 51; *Goldstein et al., Admrs.,* v. *State,* 175 Misc. 114, at 117, 22 N. Y. S. 2d 767, at 770.

The action herein was not commenced until after the "forgiveness" section was enacted and the prior liability section was repealed. Section 1.20, Revised Code, relating to pending actions can have no effect, and, although a cause of action may be affected, it is the state that has surrendered a right. The right of no individual has been taken away. The state has the power to waive its cause of action even though it could not affect such right as between citizens.

We turn then to Section 1.21, Revised Code, relating to the effect of repeal of the statute upon which the claim set out in the action for past-due support is based. Our attention has been directed to the case of *Summit Beach, Inc.,* v. *Glander, Tax Commr.,* 153 Ohio St. 147, and the rule therein stated. In that case, the admission taxes which were collectible were secured from the patrons of the Summit Beach amusement park. To permit the owners of the park to retain this money would have

been both unfair and unlawful. Nothing in the law indicated an intention that such was the meaning of the repeal legislation.

In the instant case, we do have a distinct provision in the new law, which expressly provides for the situation herein. Under the terms of Section 5121.04 (B) (6), Revised Code, there is the unambiguous statement that all claims against liable relatives, under the circumstances set out, shall be forgiven. This is an express provision, and thus we believe there is a compliance with Section 1.21, Revised Code. The meaning of the Legislature is not uncertain. Its purpose is directly and clearly expressed.

An examination of Section 5121.051, Revised Code, indicates that it does not apply to a situation where the incarcerated incompetent is confined for fifteen years or more, which is the fact that must be inferred from a fair reading of the petition herein. Section 5121.051, Revised Code, has no application to the case before us. It has application to a different set of circumstances than those which confront us in the instant case.

It is, therefore, our conclusion that the judgment herein must be affirmed.

*Judgment affirmed.*

DOLYE, P. J., and BRENNEMAN, J., concur.