NICKELL, JUDGE:
The Department of Revenue, Finance and Administration Cabinet, Commonwealth of Kentucky ("Department"), appeals from an opinion and order of the Pike Circuit Court reversing a decision of the Kentucky Board of Tax Appeals (KBTA) and ordering Revelation Energy, LLC (Revelation), be refunded $1,033,728.46 in taxes and fees paid during the period of October 20, 2009, through January 5, 2011. Believing the circuit court erroneously reversed the Board, we reverse and remand for further proceedings.
The Pike Circuit Court's recitation of facts set forth in the underlying opinion is thorough and will be adopted by this Court.
The facts in this matter are not in dispute. Revelation is a Kentucky limited liability company that began mining operations in Kentucky on November 1, 2009. During the period October 20, 2009 through January 5, 2011, Revelation purchased significant amounts of special fuel as part of its mining operations in Kentucky. Revelation purchased the special fuel for consumption in unlicensed vehicles and equipment for nonhighway purposes related to its coal mining operations. Revelation acquired the special fuel from licensed Kentucky dealers, who charged Revelation on the purchases with the special fuel tax imposed under [Kentucky Revised Statute] (KRS) 138.220 and the petroleum environmental assurance fee imposed under KRS 224.60-145. Pursuant to KRS 138.220(1)(c), these dealers added the incurred special fuel tax and petroleum assurance fee onto the selling price of the special fuel purchased by Revelation. Revelation was unaware that its [nonhighway] use of the special fuel purchased during this time meant that the purchases were exempt from the special fuel tax and petroleum environmental assurance fee.
Sometime prior to January 6, 2011, Revelation became aware that it had been paying the special fuel tax and petroleum environmental assurance fee on its special fuel purchases in error and that it must further obtain a motor fuels tax refund permit before it could file a refund claim for the special fuel taxes paid in error. On January 6, 2011, Revelation filed its application for a Kentucky motor fuels tax refund permit with the Department of Revenue (hereinafter "Department"). The Department granted Revelation's application and issued Motor Fuels Tax Refund Permit Number C-263810823-00 with an effective date of January 6, 2011. In October 2011, Revelation submitted refund applications to the Department for the refund of the special fuel taxes and petroleum environmental assurance fees that it had paid on special fuel purchased for consumption in nonhighway unlicensed vehicles or equipment during the calendar years ending December 31, 2009, December 31, 2010, and December 31, 2011. Revelation's refund applications for the periods at issue were filed within the general four-year statute of limitations period provided in KRS 134.580 for filing a claim for refund of taxes other than ad valorem taxes.
The Department granted Revelation's refund for the taxes and fees that Revelation paid on purchases of special fuel for nonhighway purposes made after the January 6, 2011 effective date of Revelation's motor fuels tax refund permit. However, the Department denied Revelation's refund claim for $968,182.18 in special fuel taxes and $65,546.28 in petroleum environmental assurance fees that Revelation paid on its purchases of *173 special fuel for nonhighway purposes made between October 20, 2009 and January 5, 2011 because the Department concluded that Revelation did not meet the pre-purchase refund permit requirement under KRS 134.580(8) and 138.345. There is no dispute that Revelation would be entitled to the entirety of its refund claim if it had obtained a motor fuels tax refund permit prior to its first purchase of nonhighway special fuel in October 2009.
Revelation, relying on the Due Process Clause and Equal Protection Clause of the United States Constitution and Section 2 of the Kentucky Constitution, protested the Department's denial of its refund claim totaling $1,033,728.46 plus interest, arguing that the pre-purchase refund permit requirement in KRS 134.580(8) and KRS 138.345 is unconstitutional. The Department issued Final Ruling No. 2013-10 on February 15, 2013 (hereinafter "Final Ruling"), denying Revelation's claim on the basis that it did not have a refund permit at the time it purchased the nonhighway special fuel in question. Revelation appealed the Final Ruling to the Kentucky Board of Tax Appeals (hereinafter "KBTA").
The KBTA's Final Order upheld the Final Ruling denying Revelation's refund claims. The KBTA's Final Order concluded that the KBTA did not have jurisdiction to rule on Revelation's challenge to the facial constitutionality of the pre-purchase refund permit requirement under KRS 134.580(8) and 138.345. Finally, the KBTA's Final Order stated that Revelation had properly preserved before the KBTA its challenge to the facial constitutionality of the statutes for further appellate review.
(Footnotes omitted).
Revelation then appealed to the Pike Circuit Court and made the same constitutional arguments. Relying heavily on McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco, Dep't of Bus. Regulation of Florida , 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), the circuit court held the pre-purchase refund permit requirement violated the Due Process Clause of the United States Constitution because it leaves unwary taxpayers who pay the tax and fee at issue without knowing of the permit requirement no avenue for recovery. The court held the pre-purchase permit unconstitutional and ordered the Department refund to Revelation $1,033,728.46 plus interest. The court did not rule on Revelation's Equal Protection and Section 2 of the Kentucky Constitution arguments. The Department then brought this appeal.
Constitutional standards and statutory interpretation are both reviewed de novo. Jacobsen v. Commonwealth , 376 S.W.3d 600, 606 (Ky. 2012) ; Commonwealth v. Long , 118 S.W.3d 178, 181 (Ky. App. 2003).
"Special fuels" means and includes all combustible gases and liquids capable of being used for the generation of power in an internal combustion engine to propel vehicles of any kind upon the public highways, including diesel fuel, and dyed diesel fuel used exclusively for nonhighway purposes in off-highway equipment and in nonlicensed motor vehicles, except that it does not include gasoline, aviation jet fuel, kerosene unless used wholly or in combination with special fuel as a motor fuel, or liquefied petroleum gas as defined in KRS 234.100 [.]
KRS 138.210(18). KRS 138.220 imposes an excise tax on all gasoline and special fuel received in Kentucky. KRS 224.60-145(1) imposes a petroleum environmental assurance fee on each gallon of gasoline and special fuel received in Kentucky. As to *174 the refunds at issue, KRS 138.344(1) states:
[e]xcept as otherwise provided in KRS 138.220 to 138.490, any person who shall purchase gasoline or special fuel, on which the tax as imposed by KRS 138.220 has been paid, for the purpose of operating or propelling stationary engines or tractors for agricultural purposes, or who shall purchase special fuels, on which the tax as imposed by KRS 138.220 has been paid, for consumption in unlicensed vehicles or equipment for nonhighway purposes shall be reimbursed for the tax so paid on the gasoline or special fuel. No refund shall be authorized unless applications and all necessary information are filed with the department on a calendar quarter or calendar year basis on forms and in the manner prescribed by it for refund of the tax paid on the fuel. In lieu of the tax refund procedure, the tax on special fuels and the tax on gasoline used for the purpose of operating or propelling stationary engines or tractors for agricultural purposes may be credited by the dealer to the purchaser as provided in KRS 138.358. The dealer and the purchases shall be subject to the same rules, conditions, and responsibilities as provided in KRS 138.344 to 138.355. The tax shall be refunded with interest at the tax interest rate as defined in KRS 131.010(6).
The pre-purchase permit requirement can be found in KRS 138.345 which states:
[n]o person shall secure a refund of tax under KRS 138.344 unless the person is the holder of an unrevoked refund permit issued by the Department of Revenue before the purchase of the gasoline or special fuel, which permit shall entitle the person to make application for a refund under KRS 138.344 to 138.355. To procure a permit, every person shall file with the department an application under oath, on forms furnished by the department, setting forth the information incident to the refunding of the tax paid on gasoline or special fuel as the department may require. The properly completed and signed application shall be filed with the department on or before the date the permit, if approved by the department, is to become effective.
It can also be found in relevant portions of KRS 134.580 which state:
(2) When money has been paid into the State Treasury in payment of any state taxes, except ad valorem taxes, whether payment was made voluntarily or involuntarily, the appropriate agency shall authorize refunds to the person who paid the tax, or to his heirs, personal representatives or assigns, of any overpayment of tax and any payment where no tax was due. When a bona fide controversy exists between the agency and the taxpayer as to the liability of the taxpayer for the payment of tax claimed to be due by the agency, the taxpayer may pay the amount claimed by the agency to be due, and if an appeal is taken by the taxpayer from the ruling of the agency within the time provided by KRS 49.220 and it is finally adjudged that the taxpayer was not liable for the payment of the tax or any part thereof, the agency shall authorize the refund or credit as the Kentucky Claims Commission or courts may direct.
....
(8) No person shall secure a refund of motor fuels tax under KRS 134.580 unless the person holds an unrevoked refund permit issued by the department before the purchase of gasoline or special fuels and that permit entitles the person to apply for a refund under KRS 138.344 to 138.355.
*175 Finally, the refund for the petroleum environmental assurance fee can be found in KRS 224.60-145(7).
The Department of Revenue shall refund the fee imposed by KRS 224.60-145(1) to any person who paid the fee provided they are entitled to a refund of motor fuel tax under KRS 138.344 to KRS 138.355 and to any person who paid the fee on transactions exempted under KRS 224.60-145(2).
To summarize, the statutes mandate to be eligible to receive a refund of the special fuel tax and petroleum environmental assurance fee, a taxpayer must first apply for and receive the pre-purchase refund permit.
The Department argues the trial court erred in finding the refund scheme at issue violated the Due Process Clause because it barred any refund for unwary taxpayers who did not possess a pre-purchase refund permit. We agree with the Department.
Because exaction of a tax constitutes a deprivation of property, the State must provide procedural safeguards against unlawful exactions in order to satisfy the commands of the Due Process Clause. The State may choose to provide a form of "predeprivation process," for example, by authorizing taxpayers to bring suit to enjoin imposition of a tax prior to its payment, or by allowing taxpayers to withhold payment and then interpose their objections as defenses in a tax enforcement proceeding initiated by the State.
McKesson Corp. , 496 U.S. at 36-37, 110 S.Ct. 2238 (footnote omitted). The State may also choose to allow a
postdeprivation refund action. To satisfy the requirements of the Due Process Clause, therefore, in this refund action the State must provide taxpayers with, not only a fair opportunity to challenge the accuracy and legal validity of their tax obligation, but also a "clear and certain remedy," for any erroneous or unlawful tax collection to ensure that the opportunity to contest the tax is a meaningful one.
Id. at 39, 110 S.Ct. 2238 (footnote and citation omitted).
Kentucky uses the postdeprivation refund process as indicated in KRS 134.580. We do not believe the pre-purchase refund permit requirement renders the special fuel tax and petroleum environmental assurance fee refund process unconstitutional.
Unlike the tax discussed in McKesson Corp. , the special fuel tax and petroleum environmental assurance fee are not erroneously collected or illegal taxes; they are properly applied to any and all people or companies purchasing these products. It is then up to the taxpayer to prove to the Department entitlement to a refund. In addition, tax refunds arise solely from statute and therefore, the requirements of the refund statute must be strictly followed. Hurry Up Broadway Co. v. Shannon , 267 Ky. 302, 102 S.W.2d 30, 32 (1937).
McKesson Corp. indicates states may impose procedural requirements on actions for postdeprivation relief.
The State might, for example, provide by statute that refunds will be available only to those taxpayers paying under protest or providing some other timely notice of complaint; execute any refunds on a reasonable installment basis; enforce relatively short statutes of limitations applicable to such actions; refrain from collecting taxes pursuant to a scheme that has been declared invalid by a court or other competent tribunal pending further review of such declaration on appeal; and/or place challenged tax payments into an escrow account or *176 employ other accounting devices such that the State can predict with greater accuracy the availability of undisputed treasury funds. The State's ability ... to invoke such procedural protections suffices to secure the State's interest in stable fiscal planning when weighed against its constitutional obligation to provide relief for an unlawful tax.
McKesson Corp. , 496 U.S. at 45, 110 S.Ct. 2238 (footnote omitted).
The pre-purchase refund permit is a valid and constitutional procedural requirement. It does not run afoul of due process. "[E]nactments of the General Assembly have a strong presumption of constitutionality." Rose v. Council for Better Educ., Inc. , 790 S.W.2d 186, 209 (Ky. 1989) (citation omitted). The refund process for the special fuel tax and petroleum environmental assurance fee gives taxpayers an opportunity to challenge taxes and fees owed on special fuels so long as they meet the statutory requirements. It is up to the taxpayer to be knowledgeable of the procedural requirements to initiate such refund proceedings.
It is generally recognized that the right to a refund of illegally or improperly collected taxes does not derive from the common law, but is a matter of legislative grace. It follows that if [a taxpayer] is to be successful in this action, he must bring himself within the terms of a statute authorizing a refund.
Dep't of Conservation v. Co-De Coal Co. , 388 S.W.2d 614, 615 (Ky. 1964) (citations omitted). In addition, everyone is presumed to know the law; therefore, ignorance of the law is not an excuse. Oppenheimer v. Commonwealth , 305 Ky. 147, 151, 202 S.W.2d 373, 375 (1947). The refund permit is a valid procedural requirement similar to a statute of limitations. Had Revelation missed the statute of limitations period, it would have been completely barred from receiving a refund and there would be no question it would not be permitted a refund. The taxes and fees at issue were properly imposed on Revelation, but Revelation failed to follow the statutory procedural requirements to support entitlement to a refund. Revelation's error does not equate to a failing of the law and cannot serve as the basis for a finding of a due process violation.
Based on the foregoing, we reverse and remand for further proceedings. We decline to direct the trial court to enter an order in favor of the Department because Revelation raised other arguments to the trial court which were not ruled upon.
ALL CONCUR.