RENDERED:  SEPTEMBER 4, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-001001-MR

KELVIN QUARLES                                        APPELLANT


             APPEAL FROM MCCRACKEN CIRCUIT COURT
v.            HONORABLE JAMES T. JAMESON, SPECIAL JUDGE
                  ACTION NO. 03-CR-00389


COMMONWEALTH OF KENTUCKY                   APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE:  Kelvin Quarles appeals a McCracken Circuit Court order denying his RCr[1] 11.42 petition for post-conviction relief.  Finding no error, we affirm.

---

[1] Kentucky Rules of Criminal Procedure.

# BACKGROUND

At approximately 1:45 a.m. on August 29, 2003, an individual brandishing a gun robbed the Five Star Food Mart inside a Shell gas station on Hinkleville Road in Paducah. Within minutes of the robbery, a police officer responded and observed a person near the food mart. He could see money in one hand of this person and something dark in his other hand. The suspect, later identified as Quarles, fled when the police officer approached, but was quickly apprehended.

After police recovered the gun and money that Quarles tried to discard during the pursuit, they took him back to the food mart for a witness identification. The two employees working at the time of the robbery immediately recognized Quarles as the robber. A store surveillance camera recorded the crime.

On October 24, 2003, a McCracken County grand jury indicted Quarles for first-degree robbery, first-degree fleeing or evading police, possession of a firearm by a convicted felon, and being a first-degree persistent felony offender. Before trial, the Commonwealth dismissed the fleeing or evading police charge and severed the firearm charge. So, Quarles was only tried on the two remaining counts--first-degree robbery and being a first-degree persistent felony offender. The jury convicted him of both charges.

During the penalty phase, the defendant admitted his guilt, but indicated that he did not plead guilty because he wanted to be sentenced by a jury instead of a judge. The jury sentenced Quarles to twenty years on the robbery charge, which was enhanced to twenty-five years for being a first-degree persistent felony offender. The trial court entered its final judgment on May 6, 2004. Quarles also subsequently pleaded guilty to possession of a handgun by a convicted felon and being a second-degree persistent felony offender. He agreed to a fifteen-year sentence for both charges. The trial court entered its final judgment on May 28, 2004.

Quarles then appealed his conviction to the Kentucky Supreme Court. *Quarles v. Commonwealth*, No. 2004-SC-000439-MR, 2005 WL 2323812, at *1 (Ky. Sept. 22, 2005). On appeal, the Kentucky Supreme Court affirmed all convictions. Its Opinion became final on October 13, 2005.

Nearly thirteen years after the Supreme Court rendered its opinion, Quarles filed a motion to correct a clerical error in his judgment. While this motion was pending, the trial court appointed an attorney with the Department of Public Advocacy to represent Quarles. Through his court-appointed counsel, Quarles filed an RCr 11.42 motion on April 22, 2019. Two weeks later, the trial court held an evidentiary hearing and concluded Quarles' motion was untimely. It

entered an order denying the motion on May 21, 2019.  Quarles appealed, and the case is now pending before this Court.

## ANALYSIS

On appeal, Quarles argues his attorney was ineffective because he failed to properly advise him regarding the potential sentence enhancements associated with the first-degree persistent felony offender charge.  On the other hand, the Commonwealth argues the motion was untimely filed and, thus, procedurally time-barred.

We do not need to reach the merits of Quarles' appeal because we agree with the Commonwealth, and the trial court, that Quarles' motion was untimely filed more than three years after the sentence was entered.  *Clark v. Commonwealth*, 476 S.W.3d 895, 897 (Ky. App. 2015).  RCr 11.42(10) provides:

> Any motion under this rule shall be filed within three years after the judgment becomes final, unless the motion alleges and the movant proves either:
>
> (a) that the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence; or
>
> (b) that the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
>
> If the judgment becomes final before the effective date of this rule, the time for filing the motion shall commence upon the effective date of this rule.  If the motion qualifies under one of the foregoing exceptions to the

three year time limit, the motion shall be filed within three years after the event establishing the exception occurred. Nothing in this section shall preclude the Commonwealth from relying upon the defense of laches to bar a motion upon the ground of unreasonable delay in filing when the delay has prejudiced the Commonwealth's opportunity to present relevant evidence to contradict or impeach the movant's evidence.

Quarles filed his motion on April 22, 2019, nearly thirteen and a half years after his conviction became final on October 13, 2005. Based on these facts alone, Quarles' motion was untimely, and dismissal would be proper under RCr 11.42. But Quarles argues his untimely filing meets the criteria for RCr 11.42(10)'s exceptions to the three-year filing requirement.

RCr 11.42(10)(a) allows an exception to the three-year filing requirement if "the facts upon which the claim is predicated were unknown to the movant and could not have been ascertained by the exercise of due diligence[.]" Quarles argues his "lack of knowledge of the Persistent Felony Offender Statute" demonstrates his entitlement to the exception. But "everyone is presumed to know the law; therefore, ignorance of the law is not an excuse." *Department of Revenue, Finance v. Revelation Energy, LLC*, 544 S.W.3d 170, 176 (Ky. App. 2018). And in its order, the trial court concluded that "[f]ollowing the trial in 2004, the court sentenced [Quarles] to 25-years in prison. Therefore, the only material fact, the duration of [Quarles'] sentence, was known upon the judgment's finality." Record (R.) at 90. We agree with the trial court.

Quarles was present at his sentencing hearing. The trial court sentenced him to twenty-five years in prison and issued an order memorializing its decision. A minutia of diligence would have allowed Quarles to understand the structure of his sentence. After review of the record, Quarles has failed to show any reasons to consider the merits of his untimely attempt at post-conviction relief. Therefore, we affirm.

## **CONCLUSION**

After thorough review, we affirm the McCracken Circuit Court's order denying Quarles' RCr 11.42 motion.

ALL CONCUR.

BRIEF FOR APPELLANT:

Kara Stinson Lewis
LaGrange, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Ken W. Riggs
Assistant Attorney General
Frankfort, Kentucky