## Reeves, Com'r of Revenue et al., v. Kentucky Utilities Co.

June 19, 1942.

Hubert Meredith, Attorney General, and H. Appleton Federa, Assistant Attorney General, for appellant.

Ogden, Galphin, Tarrant & Street for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Affirming.

This action was instituted by appellee to recover $1,365 paid by it in 1940 and 1941 as license taxes upon registering with the McCracken County Court clerk motor passenger busses operated by it in the City of Paducah under a franchise granted by that municipality. In the case of Furste v. Dixie Traction Co., 286 Ky. 336, 150 S. W. (2d) 913, we held that similar busses, operated by the Dixie Traction Company in municipalities in Kenton, Campbell, and Boone Counties and within ten miles of the limits of those municipalities under certificates of convenience and necessity issued by the Division of Motor Transportation and the Interstate Commerce Commission, were not subject to the license tax referred to; and the sole distinguishing feature which, it is contended, renders the principles there enunciated inconclusive of the main question presented by the case at bar is that the appellee, although it had registered its busses with the Division of Motor Transportation and paid the seat tax required by Kentucky Statute Supplement 1939, Section 2739o-3, had not obtained such certificates.

It would be but a waste of time to analyze the various statutory enactments of this State regulating the control and taxation of motor vehicles, since that task was adequately performed in the Furste case. Concededly, the taxes sought to be recovered were exacted as registration fees under the provisions of Kentucky Statute 2739g-2d by classifying the busses as trucks. But that section expressly excludes from such classification

"motor vehicles engaged in hauling passengers for hire"; and only by indulging the presumption that the Legislature intended to limit the exemption to passenger carrying vehicles operating under certificates of convenience and necessity, can the appellee's contention that its busses were not subject to the registration fees be denied.

In support of his argument that we should qualify the exemption in the manner referred to, the Attorney General points out that in 1926 when the exemption was first written into the Statute, the Legislature, at the same time enacted those provisions of the Statute relating to common carriers of passengers by motor busses between fixed termini or over regular routes, placing them under the control of state authority and requiring certificates of convenience and necessity (Kentucky Statute, Section 2739j-1, etc.); and since these statutes exempted from their operation routes "wholly within the limits of a single incorporated municipality," passenger busses such as are operated by appellee would be without State regulation if registration with the County Court clerk is not required. Thus the deduction is drawn that only those busses included within the regulations prescribed by Section 2739j-1, etc., were intended to be exempted from registration with the County Court clerks and relieved of the registration fees imposed by Section 2739g-2d.

A suggested, and perhaps, complete answer to the argument that registration with the County Court clerk was a method of regulation not intended to be relaxed except as to those vehicles thereafter to be regulated by state authority through the issuance of certificates of convenience and necessity, is that the Legislature may well have concluded that the regulations prescribed by municipalities for the operation of passenger carriers within their boundaries under franchises or licenses were sufficiently drastic to protect the public. Moreover, we think that too much emphasis has been placed upon the regulatory value of registration. Conceding that it has such value, the Commonwealth is not deprived thereof by exempting appellee's passenger busses from registration with the County Court clerk, since appellee has registered the busses with the Department of Motor Transportation. True, there is no statute requiring such registration, but the appellee was required to pay the seat tax and to obtain license plates issued by the Department

of Transportation, and in order to do so, it was necessary to register its busses.

While the busses operated by the Dixie Traction Company and exempted from registration with the County Court clerk by our decision in the Furste case were operated under certificates of convenience and necessity, it was, nevertheless, alleged in the petition in that case that the company's busses were used primarily "for the transportation of passengers wholly within the limits of a municipality or municipalities." Kentucky Statute, Section 2739j-94, as amended in 1936, specifically exempts from the provisions of the Act requiring certificates of convenience and necessity "motor vehicles for hire operating exclusively within the limits of a city or incorporated town, or within ten miles of its limits." While by the terms of this amendment it was permissible for the Dixie Traction Company to obtain such certificates for its operations "between" a city and a point or points within ten miles of its limits, such certificates were not necessary for its major operations which cannot be distinguished from the operations conducted by appellee. The Traction Company did not pay the mileage tax applicable to busses operated generally throughout the State, but paid the seat tax required by Kentucky Statute Supplement 1939, Section 2739o-3, as did the appellee in the case at bar. These considerations, in addition to those we have stressed, should be sufficient to demonstrate that our decision in the Furste case is conclusive of the question under consideration.

In a supplemental brief, the Attorney General has called our attention to the fact that the 1942 Legislature amended so as to limit the exemption of motor vehicles engaged in hauling passengers for hire to those operating under certificates of convenience and necessity. From this he argues that we should so read the Statute prior to its amendment. But this we are unable to do, since the exemption theretofore enacted did not contain the limitation which the 1942 Legislature saw fit to place upon it, but on the contrary, was wholly unqualified. Helvering, etc., v. Credit Alliance Corporation, 62 S. Ct. 989, 86 L. Ed. ....

Two further grounds for a reversal are urged by the appellants. One of these is that the registration or license fees, to recover which, this action was instituted, are not taxes within the meaning of Kentucky Statute

Supplement 1939, Section 4114h-7 which authorizes the refund of money paid into the state treasury in satisfaction of "State taxes, except ad valorem taxes" when "no tax was due." Cited in support of this contention is the case of Gray v. Methodist Episcopal Church, 272 Ky. 646, 114 S. W. (2d) 1141, in which this Court held that license fees on motor vehicles were not primarily taxes for revenue purposes, and hence, that Section 170 of the Constitution did not exempt the church, as an institution of purely public charity, from their payment. But it is apparent from the language employed that the Court regarded license fees as taxes within the general and ordinary meaning of that term. Indeed, it could not have done otherwise in view of the accepted definition. French Republic v. Board of Supervisors, etc., 200 Ky. 18, 252 S. W. 124; National Bank of Kentucky v. Minary, 221 Ky. 798, 299 S. W. 985; 61 Corpus Juris 65. Kentucky Statute Supplement 1939, Section 4114h-7 refers to "State taxes" and places no limitation upon the type to be refunded, except that it specifically excludes ad valorem taxes. It follows that all money paid as taxes, other than ad valorem taxes, must be refunded on timely demand if payment was made or exacted under the mistaken belief that the terms of a statute, nonapplicable in fact, required it.

The remaining ground urged for reversal is that the Circuit Court was without jurisdiction to grant the relief sought, since appellee did not invoke it by appeal within fifteen days from the ruling of the Kentucky Tax Commission denying appellee's claim for refund. This contention is bottomed upon Kentucky Statute Supplement 1939, Section 4114h-5 which provides for a review by the Commission of any ruling, order, or finding of any officer or agent of the Department of Revenue, and that:

"Within fifteen days after the mailing of notice of final Commission decision, if the aggrieved taxpayer has petitioned for the aforesaid review as set out in the preceding paragraph, he may appeal from any such decision, tax assessment, order, ruling or finding on any question of law, including adequacy of evidence, to the Franklin Circuit Court. * * *"

But the right sought to be enforced is conferred by Section 4114h-7, a statute complete within itself, which authorizes a refund to the taxpayer of "(a) Any overpayment; (b) Payment where no tax was due;" and

which provides for an appeal only "(c) When a bona fide controversy exists between the Department and the taxpayer as to the liability of the taxpayer for the payment of tax claimed to be due by the Department," and the taxpayer, pursuant to the permission granted by the Statute, pays the amount "claimed to be due." From the language employed it would appear that the Legislature intended to provide an expeditious method for the final determination of a current dispute but not to preclude a taxpayer from recovering by independent action a payment "where no tax was due" made without reference to the Statute or the machinery therein provided. Section 4114h-5 and its immediately preceding and succeeding sections (4114h-4 and 4114h-6) do not refer to refunds, or purport to set forth the conditions under which they are authorized. Apparently they refer to assessments and the rulings and orders which may be made in connection therewith. In any event, we are unwilling to restrict the right of litigants to resort to the courts through ordinary methods of procedure, except where it is clear that the Legislature has prescribed other and adequate modes of gaining entrance which are intended to be exclusive.

Since the judgment appealed from carries into effect our views, it is affirmed.

Whole Court sitting.