**DEPARTMENT OF CONSERVATION et al., Appellants,**

**v.**

**CO-DE COAL COMPANY, Inc., Appellee.**

Court of Appeals of Kentucky.

Oct. 30, 1964.

As Modified on Rehearing March 26, 1965.

John B. Breckinridge, Atty. Gen., Ronald M. Sullivan, Asst. Atty. Gen., Frankfort, for appellants.

Duff Arnett, Hazard, for appellee.

CLAY, Commissioner.

Appellee is an auger-type coal mining company located in eastern Kentucky. Between 1954 and 1960 the Division of Strip Mining, acting pursuant to KRS 350.060, collected permit and acreage fees from appellee and other auger miners. On May 5, 1961, we held in Commonwealth v. Wombles, Ky., 346 S.W.2d 299, that auger mining was not covered by KRS 350.060.

Subsequently, on November 6, 1961, appellee forwarded a letter to the Division of Strip Mining and Reclamation and demanded a refund of $1,960.00, which amount was claimed to have been paid as permit and acreage fees between 1954 and 1960. On February 9, 1962, this Division informed appellee that, according to an opinion of the Attorney General's office, demand for refund should be made upon the Department of Revenue. Appellee then demanded a refund from the Department of Revenue. When that Department refused to comply, on April 13, 1962, appellee brought an action in the Franklin Circuit Court against the Commonwealth of Kentucky, the Department of Revenue and the Department of Conservation, later bringing in the Commissioner of Finance and the State Treasurer as defendants. By judgment entered on February 15, 1963, appellee recovered $1,247.50, which the court directed the State Treasurer to pay.

Appellants' primary contention is that the General Assembly has not consented to an action against the Department of Conservation, the State Treasurer, or the Commissioner of Finance for these improperly collected permit and acreage fees, but rather has set up an exclusive procedure for the refund of "state taxes" [1] under KRS 134.580.

It is generally recognized that the right to a refund of illegally or improperly collected taxes does not derive from the common law, but is a matter of legislative grace. 84 C.J.S., Taxation, § 631, page 1263; Southern Pacific Co. v. Cochise County, 92 Ariz. 395, 377 P.2d 770; State ex rel. Victor Chemical Works v. Gay, Fla., 74 So.2d 560, 46 A.L.R.2d 1340; Asmer v. Livingston, 225 S.C. 241, 82 S.E.2d 465. It follows that if appellee is to be successful in this action, he must bring himself within the terms of a statute authorizing a refund.

KRS 134.580 provides in part as follows:

"(1) When money has been paid into the State Treasury in payment of any state taxes, except ad valorem taxes, whether payment was made voluntarily or involuntarily, the Department of Revenue shall refund or cause to be refunded to the person who paid the tax, or to his heirs, personal representatives or assigns, any overpayment of tax and any payment where no tax was due. * * *

"(2) * * * The refunds authorized by this section shall be made in the same manner as other claims on the State Treasury are paid. They shall not be charged against any appropriation, but shall be deducted from tax receipts for the current fiscal year.

"(3) Nothing in this section shall be construed to authorize the department to make or cause to be made any refund except within two years from the date

---

[1] We have given the phrase "state taxes" in KRS 134.580 a sufficiently broad interpretation to include the permit and acreage (or license) fees in question. Reeves v. Kentucky Utilities Co., 291 Ky. 226, 163 S.W.2d 482.

the money was paid into the State Treasury. * * *"

After a request for a refund had been presented under statutes then effective, a dissatisfied taxpayer could, within 15 days of the ruling, petition the Kentucky Tax Commission for a review of the action of the Department as provided in KRS 131.-110(2).[2] Likewise, he could appeal within 30 days of the decision of the Kentucky Tax Commission to the Franklin Circuit Court under KRS 131.120.[3] Thus, the legislature had outlined the specific method by which a taxpayer could press his claim for a refund of taxes and by which he could obtain judicial review of a refusal to grant the refund. By amicus curiae brief the Department of Revenue questions the procedure as it affects claims for tax refunds from other departments, but in our opinion this is a matter for the legislature, not the courts.

Appellee has attempted to predicate his recovery on KRS 41.120. This provision does not authorize the recovery of a claim against the state, but, with KRS 41.110, merely outlines the procedure by which a validated claim must be paid out of the treasury. As provided in KRS 134.580(2), this procedure must be followed in paying a refund of taxes, provided of course, the taxpayer has first established his right to such refund.

Since we have decided that KRS 134.580, coupled with KRS 131.110 and 131.120, afforded appellee the only statutory method of securing a refund, we are left with the bare question of whether a taxpayer, who has made no attempt to follow the prescribed procedure for review of a decision of the Department of Revenue, may nevertheless bring an independent action in the Franklin Circuit Court to compel the refund of taxes.

KRS 131.125 [4] provided in clear and unmistakable language that:

"A refusal by the Department of Revenue to refund *any tax* may be reviewed only in the manner and subject to the conditions as provided in KRS 131.110 and 131.120." (Emphasis ours)

In view of this provision, maintenance of an independent action would have been a patent violation of the express language of the statute.

We are aware that in Reeves v. Kentucky Utilities Co., 291 Ky. 226, 163 S.W.2d 482, we permitted a taxpayer to maintain an action for a refund of registration fees even though he failed to appeal from a ruling of the Kentucky Tax Commission as provided in section 4111h-5, Carroll's Kentucky Statutes, 1939, (the predecessor of KRS 131.-120). But in that decision we said, 163 S.W. 2d at pages 484, 485:

"In any event, we are unwilling to restrict the right of litigants to resort to the courts through ordinary methods of procedure, except where it is clear that the Legislature has prescribed other and adequate modes of gaining entrance which are intended to be exclusive."

In 1946, four years after the decision in Reeves v. Kentucky Utilities Co., 291 Ky. 226, 163 S.W.2d 482, the General Assembly enacted what is now KRS 131.125 which does expressly provide that a refusal by the Department of Revenue to refund any tax may be reviewed only in the manner set out by KRS 131.110 and 131.120. Since the procedure for review is clear and adequate and was intended to be exclusive, we are compelled to conclude that it is the only method by which a taxpayer could gain entrance to the courts to obtain review of a refusal to refund taxes. This was an unauthorized suit against the sovereign to which the

2. Amended effective July 1, 1964.

3. Repealed effective July 1, 1964.

4. Repealed effective July 1, 1964.

General Assembly had not granted consent. See Foley Construction Company v. Ward, Ky., 375 S.W.2d 392.

 There is another ground which precludes the appellee from maintaining this action. KRS 134.580(3), quoted above, specifically provides that the Department of Revenue is not authorized to make any refund unless it is made within two years from the date the money was paid into the state treasury.

Although both appellee and appellants have referred to this provision as a statute of limitations, we think this provision creates a condition precedent to the statutory right of refund. Since there is no right at common law to recover improperly collected taxes, the legislature may make the very existence of the right of recovery dependent upon the refund's being made within two years from the date the taxes are paid. In other words, whereas a statute of limitations neither creates nor extinguishes any rights, but merely places a limitation upon the remedy (which can be waived or tolled), a limitation such as the one in question is a condition essential to the existence of the right. Lilly v. O'Brien, 224 Ky. 474, 6 S.W.2d 715; Unemployment Comp. Comm. of Kentucky v. Consolidation Coal Co., 287 Ky. 330, 152 S.W.2d 971. The distinction was tersely stated in the Lilly case where we discussed a similar limitation and said (page 718 of 6 S.W.2d):

> "The bringing of the action within the limited time is a condition to the exercise of the right, and, if the condition is not complied with, there is neither right nor remedy."

For this reason appellee's argument that the Wombles case (Commonwealth v. Wombles, Ky., 346 S.W.2d 299) in some manner extended the limitation period within which its claim could be asserted is without merit.

 Appellee apparently paid its most recent permit and acreage fee on February 1, 1960.[5] Assuming, without deciding, that the demand on the Department of Revenue on February 20, 1962, preserved whatever rights it then had, this was more than two years after the fee was paid into the state treasury.[6]

For both of the reasons given, appellee established no right of recovery.

The judgment is reversed.

---

5. It is not clear from the record when appellee made the last payment.

6. Obviously any claim for fees paid prior to 1960 would be barred.