WHITLEY COUNTY BOARD OF EDUCA-
TION et al., Appellants,

v.

Fayrene MEADORS, Appellee.

Court of Appeals of Kentucky.

Sept. 19, 1969.

R. Lee Brown and J. B. Johnson, Jr., Williamsburg, for appellants.

T. E. Mahan, Williamsburg, for appellee.

CULLEN, Commissioner.

In March 1963, near the end of her fifth year of service under *limited contracts* as a teacher in the Whitley County school system, Fayrene Meadors was notified that she would not be employed for the 1963–64 school year. Claiming that she had *continuing service status* and thus was entitled to employment for the 1963–64 year and thereafter, Mrs. Meadors brought suit in the fall of 1963 against the board of education, its individual members, and the superintendent, asking that she be awarded a continuing contract beginning with the 1964–65 school year and that she be given judgment for her salary for the 1963–64 year in the sum of $4010. The suit remained pending for some time and in the fall of 1965 Mrs. Meadors filed an amended complaint alleging that she had not been employed for the 1964–65 school year and asking that she recover judgment for her salary for that year also. The trial court found that Mrs. Meadors was entitled to a continuing contract and had illegally been denied employment for the school years 1963–64 and 1964–65. Judgment was entered against the members of the board of education, jointly and severally, for the amount of her salary for the two years, $8220, less a credit of $70 for compensation she had received for temporary teaching services in Pulaski County in 1964–65. A conditional liability for this amount also was adjudged against the board of education itself. The judgment further di-

rected that Mrs. Meadors be issued a continuing contract. All of the defendants have appealed.

◼ The first contention of the appellants is that under the statutes in force at the time Mrs. Meadors' employment was terminated she was not eligible for a continuing contract and therefore was not required to be reemployed or entitled to be awarded a continuing contract. The argument is that in order to be eligible for a continuing contract a teacher must have taught four years in the district *after* having obtained a standard or college certificate; that Mrs. Meadors did not receive such a certificate until in May 1962; that at the end of the 1962–63 school year she had taught only one year since obtaining her certificate; and that her previous years of service did not count because she then did not have a certificate.

The governing statute is KRS 161.740. In 1963 its pertinent provisions read as follows:

"(1) Teachers eligible for continuing service status in any school district shall be those teachers who meet qualifications listed in this section:

"(a) Hold a standard or college certificate as defined in KRS 161.720;

"(b) When a teacher is recommended for reemployment after teaching four years in a district, the superintendent shall recommend said teacher for a continuing contract, * * *"

◼ We do not find in those words of the statute any indication of an intent that the four years of service must be *after* the teacher had obtained a certificate. The obvious purpose of the four-year service period was to give the school board and superintendent an opportunity to observe and evaluate the teacher's work. There would seem to be no reason why the holding of a certificate by the teacher would be of any significance for the purposes of observation and evaluation. A certificate was required as a condition of permanent employment, because only fully qualified teachers were desired as permanent employes, but the holding of the certificate appears to be unrelated to the purposes of a probationary period of service.

In 1964 KRS 161.740 was amended to provide specifically:

"(d) Service credit toward a continuing contract shall begin only when a teacher is properly certified as defined in KRS 161.720(6)."

So, for whatever purpose it might have had in mind, the legislature now has required the teacher to hold a certificate to obtain probationary service credit. But there is no presumption from the amendment that such is what the statute meant originally. On the contrary, the presumption is that the legislature, by the amendment, intended to *change* the law. Reeves v. Kentucky Utilities Co., 291 Ky. 226, 163 S.W.2d 482; Swindler v. Kenton & Campbell B. B. Ass'n, 275 Ky. 666, 122 S.W.2d 506.

It is our conclusion that the trial court correctly adjudged that Mrs. Meadors was entitled to a continuing contract in 1963–64. Cf Moore v. Babb, Ky., 343 S.W.2d 373.

◼ The second contention of the appellants is that Mrs. Meadors should not have been awarded recovery for the amount of her salary for the 1964–65 school year, because she made no reasonable effort to minimize her damages for that year by seeking other employment. We find no merit in this contention.

After being notified on March 29, 1963, that she would not be reemployed for the 1963–64 school year, Mrs. Meadors made an effort to secure employment for that year in the McCreary County school system, but was advised that her application was too late and there were no vacancies. The appellants do not seriously question the reasonableness and timeliness of this effort, for 1963–64. Their complaint is addressed to 1964–65.

Mrs. Meadors made no effort of any kind to obtain employment in another school district for the 1964–65 year until late in August 1964, two days before the start of school. Of course this was much too late for any reasonable chance of employment elsewhere. However, in view of the fact that the Whitley County superintendent gave assurances when the suit was filed that it would not prejudice her prospects of employment for 1964–65, and in view of the fact that the superintendent's refusal of her employment for 1964–65 by attaching unacceptable conditions to her being employed did not occur until late in July when it was too late for her to obtain employment elsewhere, we think she cannot fairly be held chargeable with not having made reasonable effort to mitigate her damages.

The judgment is affirmed.

All concur.