Robert L. BROWN, Herman Brown, Juanita Brown Compton, George W. Brown, Bonnie Brown Williams, Mary Lou Jennings Parkins, Ron Frazure, Robert L. Frazure and Evan S. Frazure, Movants,

v.

Tom SAMMONS, Respondent.

No. 87–SC–523–DG.

Supreme Court of Kentucky.

Jan. 21, 1988.

J.K. Wells, Wells, Porter, Schmitt & Walker, Paintsville, for movants.

J. Scott Preston, Thomas J. Blaha, Paintsville, for respondent.

LAMBERT, Justice.

The issue before this Court is whether a surviving spouse who renounces the decedent's will is entitled to the $7500 spousal exemption allowed by KRS 391.030. The district court adjudged the surviving spouse so entitled and the circuit court affirmed. The Court of Appeals granted discretionary review and affirmed the circuit court. We granted discretionary review and now reverse.

The parties have stipulated the facts as follows:

Movants are the children and respondent (Appellee) is the widower of Lena Sammons who died testate. Respondent (Appellee) renounced the Will, and then, as Executor, allowed himself the personal property exemption of $7,500.00 provided by KRS 391.030.

Prior to the 1982 amendment to KRS 391.030, the issue we now consider was well settled. On renunciation of a will, the surviving spouse was expressly entitled to the exemption by virtue of § 4 of the statute which contained the following provision:

(4) This section applies to cases where the husband or wife dies testate and the surviving spouse renounces the provisions of the will as provided in KRS 392.080.

However, by amendments which became effective on July 15, 1982, the foregoing section was omitted.

Movants argue that omission of § 4 from the statute demonstrates a legislative in-

tent that the surviving spouse not receive the exemption on renunciation. Respondent acknowledges that "confusion and doubt" have arisen, but suggests that § 4 merely emphasized the obvious. He contends that the language of the renunciation statute, KRS 392.080, "as if no will had been made," is dispositive and that the Legislature eliminated § 4 of KRS 391.030 because it was unnecessary.

As respondent has pointed out, statutes expressly granting surviving spouses the exemption upon renunciation have a long history in the law of Kentucky. For a detailed discussion of the history of such statutes, see 1 Merritt, *Kentucky Practice*, Probate Practice and Procedure, Chapter 8, § 308 (2nd ed. 1984). Notwithstanding its ancient origin, the precise question in this case is whether the Legislature intended to abolish the spousal exemption on renunciation, or whether KRS 391.030(4) was eliminated as surplusage.

It is beyond dispute that whenever a statute is amended, courts must presume that the Legislature intended to effect a change in the law. *Blackburn v. The Maxwell Co.*, Ky., 305 S.W.2d 112 (1957); *Whitley County Board of Education v. Meadors*, Ky., 444 S.W.2d 890 (1969). We must also presume that whenever the Legislature amends an existing statute, it is cognizant of existing law. *Swindler v. Kenton & Campbell Benevolent Burial Ass'n.*, 275 Ky. 666, 122 S.W.2d 506 (1938). In this case, these presumptions are empirical by virtue of recent legislative action on the subject.

In 1974, KRS 391.030 was amended and the express inclusion of the spousal exemption upon renunciation was eliminated. Just two years later, in his call for an extraordinary session of the General Assembly, Governor Carroll identified

[T]he enactment of legislation restoring the exemption from distribution and sale of personal property or money to the amount of three thousand five hundred dollars ($3,500) provided in KRS 391.030 to spouses renouncing the will of a deceased spouse

as one of the matters upon which he requested legislative action. In response, the General Assembly restored the express grant of the spousal exemption. The law remained unchanged for only six years. In 1982, the General Assembly again eliminated the express grant from the statute and since that time no changes have occurred. In view of the attention this statute has received in recent years, the normal presumptions accorded legislative enactments are enhanced.

Considering the presumptions of knowledge and intent we accord the action of the General Assembly in its 1982 amendment, of what effect then is the removal of § 4 from the statute? In *Inland Steel Co. v. Hall*, Ky., 245 S.W.2d 437 (1952), prior Workmen's Compensation law required an employer to furnish his injured employee an artificial member. By subsequent amendment, this provision was omitted. The employee argued that another portion of the Act requiring the employer to furnish "surgical supplies and appliances" was sufficiently broad to include an artificial leg. In deciding the case upon what we believed to be the legislative intent, this Court said:

> [W]here a clause in an old enactment is omitted from the new one, it is to be inferred that the Legislature intended that the omitted clause should no longer be the law.

We quoted with approval from *Eversole v. Eversole*, 169 Ky. 793, 185 S.W. 487, 489 (1916), as follows:

> Where a statute is amended or re-enacted in different language, it will not be presumed that the difference between the two statutes was due to oversight or inadvertence on the part of the Legislature. On the contrary, it will be presumed that the language was intentionally changed for the purpose of effecting a change in the law itself. *Inland Steel Co.* at 438.

We find *Inland Steel Co.* persuasive as to the significance of the omission of § 4 from the Act as amended in 1982.

We could not render a decision in this case without addressing respondent's principal contention that KRS 392.080(1) is controlling and likewise discussing the statutes applicable to this case.

KRS 392.080(1) permits a surviving spouse to release what is given by the decedent's will and "... receive his or her share under KRS 392.020 as if no will had been made...." KRS 392.020 grants the surviving spouse of a person who dies "intestate" "an absolute estate in one-half (½) of the surplus personalty left by the decedent." And, pursuant to KRS 391.030, "... where any person dies intestate as to his personal estate, or any part thereof...," on application, the sum of $7500 of the surplus personal estate is exempt from distribution to the heirs and set apart to the surviving spouse.

At the outset, we observe that KRS 392.080, the statute granting the right of renunciation, appears to limit what the survivor may receive to a "share under KRS 392.020" and nothing more. There is no reference to the spousal exemption or the statute which allows it. As KRS 392.020 is expressly identified and KRS 391.030 is not, it would require a generous interpretation to conclude that the Legislature intended more than it said. Moreover, we do not believe the phrase "as if no will had been made" is so decisive that the Legislature would omit the truly dispositive language of § 4 and depend entirely on a broad interpretation of KRS 392.080(1). Particularly is this true in view of our decision in *Inland Steel Co., supra*. Further, the operative portion of KRS 392.080 begins with technical ("testate") terminology but concludes with clearly non-technical ("as if no will had been made") language. The non-technical portion is incongruous with the exemption statute, KRS 391.030, which applies when "any person dies intestate." All of these factors militate against respondent's construction of KRS 392.080(1).

Respondent argues and the Court of Appeals held that "such renunciation, in effect, signifies that the decedent died intestate as to the surviving spouse." This view is manifestly at odds with the language of KRS 392.080. Nowhere does it say that

after renunciation intestacy occurs. This view is equally at odds with the definition of the word "intestate:"

> One who dies without leaving a valid and operative will. *Ballentine's Law Dictionary* 657 (3rd ed. 1969).

■ Renunciation of a will does not create intestacy. The provisions of the will are enforceable, insofar as possible, as to all beneficiaries except the surviving spouse. By a special statutory provision, the surviving spouse may take what is given by the will or a statutory share. As to other beneficiaries, the will remains in effect and is enforced as nearly as possible in accordance with the intention of the testator. *Ruh's Ex'rs. et al. v. Ruh, et al.*, 270 Ky. 792, 110 S.W.2d 1097, 1102 (1937).

In recent years, the action of the General Assembly on this issue has been inconsistent. Nevertheless, we may not disregard the present state of statutory law to achieve a particular result. Admitting his dislike for this result, Professor Merritt nevertheless reached the conclusion that:

> [T]he [1982] amending language [of KRS 391.030] went further and did away with the exemption except where the decedent spouse passes away intestate! Merritt, *supra*, at 176.

and

> If the spouse elects to renounce the will and claim a dowable share the exemption is lost under the amendment of 1982. Merritt, *supra*, at 213.

We agree with this view. The 1982 amendment compels our conclusion.

For the foregoing reasons, the decision of the Court of Appeals is reversed and this cause remanded to the trial court for entry of a judgment in conformity with this opinion.

STEPHENS, C.J., and GANT, LEIBSON, STEPHENSON, and WINTERSHEIMER, JJ., concur.

VANCE, J., dissents.