# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

*THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28 (4) (c), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS AUTHORITY IN ANY OTHER CASE IN ANY COURT OF THIS STATE.*

# Supreme Court of Kentucky



2005-SC-0791-WC

UNITED PARCEL SERVICE      APPELLANT

V.
          APPEAL FROM COURT OF APPEALS
          2005-CA-0847-WC
          WORKERS' COMPENSATION NO. 01-89184

MELISSA MONTGOMERY;
HON. W. BRUCE COWDEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD      APPELLEES

## MEMORANDUM OPINION OF THE COURT

### AFFIRMING

KRS 342.020(1) entitles an injured worker to medical treatment "as may reasonably be required at the time of the injury and thereafter during disability." In a two-to-one decision, the Court of Appeals determined that the statute permitted a worker who reached maximum medical improvement (MMI) but retained no permanent impairment to receive future medical benefits. On that basis, the court reversed a divided Workers' Compensation Board and reinstated the claimant's award. We affirm.

Records from the claimant's family physician, Dr. Amin, indicated that she had experienced periods of chronic low back pain since 1992. She had missed work due to falling and straining her back in June and August, 1998. The injury presently at issue occurred on April 24, 2001, when she tripped and fell while working. Dr. Amin released

her to return to work on January 20, 2002, but she continued to see Dr. Johnson and subsequently Dr. Gormley for back pain. In June, 2002, Dr. Gleis evaluated her for the employer. In his opinion, she sustained an acute lumbosacral strain that was superimposed on pre-existing lumbar conditions and caused no permanent impairment. He thought that she should have reached MMI by mid-February, 2002, that she was able to return to her regular work, and that she would benefit from an exercise program for the lower spine. He would not recommend any other type of treatment.

The claimant testified that her job for the defendant-employer required her to lift 70 pounds, to work overhead and bend, and to drive a forklift. She stated that physical therapy provided only temporary relief and that she was unable to return to work due to back pain. Her mother-in-law does 85% of the housework and cooking for her.

The parties stipulated that the employer paid $2,299.62 in medical expenses. Among the contested issues were: whether there was an injury under KRS 342.0011(1) and, if so, whether the injury was only a temporary aggravation of a pre-existing condition; the extent and duration of disability; and the claimant's entitlement to temporary total disability (TTD) and medical benefits. Characterizing Dr. Gleis's report as being "most credible," the Administrative Law Judge (ALJ) determined that the claimant sustained an injury that entitled her to medical expenses and a period of TTD but no permanent income benefits. The award that followed included the period of TTD but failed to mention medical benefits.

In a petition for reconsideration, the claimant requested the ALJ to enter an express award of medical benefits to prevent future arguments over the matter. The employer relied on Robertson v. United Parcel Service, 64 S.W.3d 284 (Ky. 2001), and argued that all medical expenses to date had been paid and that an award of future

-2-

medical benefits was not permitted because the claimant sustained only a temporary flare-up of symptoms from her pre-existing condition. Nonetheless, the ALJ sustained the claimant's petition and amended the award to include medical expenses "as may reasonably be required at the time of the injury and thereafter during disability." In subsequent petitions for reconsideration, the employer requested the ALJ to clarify that because the injury caused no permanent impairment, the phrase "during disability" entitled the claimant to receive medical benefits during the period of TTD but not thereafter. The ALJ refused. Convinced that Robertson v. United Parcel Service, supra, was inapplicable, the ALJ stated that the claimant sustained an injury although it was not of appreciable proportion. Relying upon KRS 342.020(1), the ALJ noted that an employer's obligation to pay medical benefits continues for so long as the worker is disabled, regardless of the duration of income benefits. The employer appealed.

KRS 342.020 provides, in pertinent part, as follows:

> In addition to all other compensation provided in this chapter, the employer shall pay for the cure and relief from the effects of an injury or occupational disease the medical, surgical, and hospital treatment, including nursing, medical, and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease. The employer's obligation to pay the benefits specified in this section shall continue for so long as the employee is disabled regardless of the duration of the employee's income benefits. (emphasis added).

At issue in this appeal is whether KRS 342.020(1) entitles a worker who has reached MMI without a permanent impairment to be compensated for reasonable and necessary medical treatment for the effects of the injury. After "the time of the injury" has passed, KRS 342.020(1) bases a worker's eligibility on the presence of disability. Therefore, this appeal turns on the intended meaning of the word "disability."

-3-

The first sentence of KRS 342.020(1) has remained the same since 1972, when a restriction on the dollar amount of medical benefits was removed. 1972 Ky. Acts ch. 78, § 21. A 1994 amendment added the second sentence. 1994 Ky. Acts ch. 181, Part 5, § 17. From 1972 until December 12, 1996, KRS 342.0011 (previously KRS 342.620) defined "disability" generally as being occupational disability. The definition paraphrased <u>Osborne v. Johnson</u>, 432 S.W.2d 800 (Ky. 1968), and was based on a number of factors relevant to post-injury earning capacity. Although permanent impairment was a factor, it was not required for a finding of permanent disability.

Since December 12, 1996, KRS 342.0011(11) has not defined disability generally. It defines only the three specific types of disability for which KRS 342.730 permits temporary or permanent income benefits. Under KRS 342.0011(11)(a), TTD requires findings that the worker has not reached MMI and has not reached a level of improvement that would permit a return to work (<u>i.e.</u>, a finding that the worker is disabled from the customary type of work). <u>See Central Kentucky Steel Corp. v. Wise</u>, 19 S.W.3d 657 (Ky. 2000). KRS 342.0011(11)(b) and (c) require AMA impairment (<u>i.e.</u>, a "disability rating") in order for a disability to warrant permanent income benefits; however, income benefits continue to compensate workers for occupational disability rather than impairment. <u>See Adkins v. R & S Body Co.</u>, 58 S.W.3d 428 (Ky. 2001); <u>Ira A. Watson Dept. Store v. Hamilton</u>, 34 S.W.3d 48 (Ky. 2000).

KRS 342.020(1) separates eligibility for medical benefits from the duration of income benefits. It does not expressly condition eligibility for medical benefits after "the time of the injury" on eligibility for permanent income benefits, and it contains no reference to MMI, disability rating, or permanent impairment rating that would imply such a condition. Absent a clear indication that the legislature intended the 1996

- 4 -

amendments to KRS 342.0011(11) to change the meaning of the word "disability" as used in KRS 342.020(1) to something other than occupational disability, we conclude that they do not.

The ALJ determined that the claimant sustained an injury but that she reached MMI with no permanent impairment rating. MMI refers to the point at which a condition causing disability has stabilized and will not be improved by additional medical treatment although some treatment may still be necessary. W. L. Harper Construction Co., Inc. v. Baker, 858 S.W.2d 202, 204 (Ky. App. 1993); Arthur Larson and Lex K. Larson, Larson's Workers' Compensation Law, § 80.03(3) (2005). The ALJ also determined that the harmful change was not a temporary aggravation of her pre-existing back condition. In reaching those conclusions, the ALJ relied on testimony from Dr. Gleis, who was of the opinion that the claimant would benefit from an exercise program for the lower spine. He stated that he would not recommend any other type of treatment. The claimant testified to her ongoing symptoms and her inability to return to work. Under the circumstances, it was reasonable for the ALJ to conclude that although the claimant was not disabled to the level that warranted income benefits, she remained entitled to some additional medical treatment. This would not prevent the employer from disputing the reasonableness and necessity of any proposed treatment for the effects of the injury. See 803 KAR 25:012; National Pizza Co. v. Curry, 802 S.W.2d 949 (Ky. App. 1991).

The decision of the Court of Appeals is affirmed.

Lambert, C.J., and Graves, McAnulty, Minton, Scott, and Wintersheimer, JJ., concur. Roach, J., dissents by separate opinion.

- 5 -

COUNSEL FOR APPELLANT:

James G. Fogle
Anthony K. Finaldi
Ferreri & Fogle
333 Guthrie Green
203 Speed Building
Louisville, KY 40202


COUNSEL FOR APPELLEE,
MELISSA MONTGOMERY:

Wayne C. Daub
600 West Main Street, Suite 300
Louisville, KY 40202

# Supreme Court of Kentucky

## 2005-SC-0791-WC

UNITED PARCEL SERVICE          APPELLANT

APPEAL FROM COURT OF APPEALS

V.                        2005-CA-0847-WC
WORKERS' COMPENSATION NO. 01-89184

MELISSA MONTGOMERY;
HON. W. BRUCE COWDEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD          APPELLEES

### DISSENTING OPINION BY JUSTICE ROACH

Because the majority has ignored the 1996 amendments to the Workers'

Compensation Act, I respectfully dissent.

The Act requires that injured employees must be provided medical treatment "for

the cure and relief from the effects of an injury. . . as may reasonably be required at the

time of the injury and thereafter during disability . . . . The employer's obligation to pay

the benefits specified in this section shall continue for so long as the employee is

disabled regardless of the duration of the employee's income benefits." KRS

342.020(1).[1] Basically, an employee is entitled to medical treatment only so long as he

or she is suffering disability caused by the work-related injury.

---

[1] The statute also requires that employers pay for treatment of an "occupational disease," which differs from an "injury." Compare KRS 342.0011(1) (defining "injury"), with KRS 342.0011(2) (defining "occupational disease"). Although this issue is not in dispute in this case, the statute appears to provide for a different time limit on treatment of "occupational disease" by requiring that it continue "as may be required for the cure and treatment of [the] occupational disease." KRS 342.020(1).

Clearly, "disability" is a statutory term of art. As the majority opinion notes, prior to 1996, the Act defined "disability" in a general manner as being occupational disability. But in 1996, the General Assembly deleted the general occupational definition of the term "disability" from KRS 342.0011 and replaced it with KRS 342.0011(11) which defines three specific types of disability: temporary total disability, permanent partial disability and permanent total disability. The Act no longer defines disability in terms of "occupational disability"; instead, it recognizes three specific types of disability.

Rather than taking into account the fact that the General Assembly significantly altered the definition of what constitutes a disability under the Act, the majority opinion simply ignores the changes and the opinion relies on the general definition of "disability" that the General Assembly has clearly discarded—by deleting it—in favor of the three narrow categories presently included in the statute. The majority concludes by claiming that "[a]bsent a clear indication that the legislature intended the 1996 amendments to KRS 342.0011(11) to change the meaning of the word 'disability' as used in KRS 342.020(1) to something other than occupational disability, we conclude that they did not." Ante at ___ (slip op. at 4). But as we have repeatedly noted, "[i]t is beyond dispute that whenever a statute is amended, courts must presume that the Legislature intended to effect a change in the law." Brown v. Sammons, 743 S.W.2d 23, 24 (Ky. 1988). Thus, the mere fact that the General Assembly deleted the general definition of "disability" from the Act should give us pause in applying that definition to other portions of the Act some ten years after the deletion. More importantly, we have long abided by the legal maxim "expression unius est exclusio alterius, meaning the expression of one thing is the exclusion of another." Burgin v. Forbes, 293 Ky. 456, 169 S.W.2d 321, 325 (1943) (citation omitted). While there has been some criticism of this rule of

2

statutory construction, <u>see, e.g.</u>, Richard A. Posner, <u>The Federal Courts: Crisis and Reform</u> 282 (1985), its applicability can hardly be questioned where, as here, the General Assembly has defined specific categories of disability after deleting the broader definition. And when both rules of construction are considered together, I fail to see how the General Assembly's intent to change the meaning of "disability" under the Act could be more clearly expressed than through the deletion of the old definition and substitution of new ones.

Quite simply, the term "disability" as used in KRS 343.020(1) must refer to disability under the Act. The majority opinion advances the unsupported position that the Act defines "disability" in one way for income benefits and in another way for medical benefits. But the simple fact of the matter is that the Act only includes the definitions of disability found in KRS 342.0011(11). In the matter before us, the claimant was found to have reached maximum medical improvement. She also had a 0% impairment rating, meaning no permanent impairment. Therefore, no disability existed under the Act as defined in KRS 342.0011(11), and pursuant to KRS 342.020(1), she is not entitled to future medical expenses.

# Supreme Court of Kentucky

2005-SC-0791-WC

UNITED PARCEL SERVICE                                                                                    APPELLANT

V.
APPEAL FROM COURT OF APPEALS
2005-CA-0847-WC
WORKERS' COMPENSATION NO. 01-89184

MELISSA MONTGOMERY;
HON. W. BRUCE COWDEN,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                                                            APPELLEES

## ORDER DENYING PETITION FOR REHEARING

The petition for rehearing is hereby denied. The Memorandum Opinion of

the Court rendered on September 21, 2006, is modified on its face by substitution

of the attached pages 1, 4 and 5 in lieu of the original pages 1, 4 and 5. This

modification does not change the holding of the opinion.

All concur.

ENTERED: December 21, 2006

_____
CHIEF JUSTICE